COURT OF APPEALS OF WEST VIRGINIA.    495

Jan'y Term,    Rand & Minsker vs. Hale.    1869.

# Wheeling.

RAND & MINSKER vs. CHARLES F. HALE.

January Term, 1869.

1. A plea of payment, in an action on a bill of exchange, confesses the cause of action as set forth in the declaration.

2. It is error, where a plea of payment is entered to an action on a bill of exchange, to require the plaintiff to answer interrogatories which tend to show that the bill was not made for a debt due from the defendant in his individual capacity, but as president of an incorporated company. Also to permit evidence to be heard which had a like tendency. The interrogatories and evidence being immaterial to the issue.

3. A bill of exchange drawn at sixty days after date, payable to the order of the drawees, signed "Chas. F. Hale, Prest.," held to be, as between him and the holders, an individual contract and undertaking, for which he was personally liable, and does not shift the responsibility from him to the company of which he is president, so far as the holder is concerned.

The declaration in this cause was filed in the circuit court of Kanawha county, by Rand & Minsker, at June rules, 1865, against Charles F. Hale. It averred that the defendant had, on the 3d of May, 1861, in Charleston, drawn and made his bill of exchange requiring one "L. A. Rosenmiller, Treas., 172 Eighth Avenue, New York," to pay to the order of the plaintiffs, 164 dollars and 60 cents, sixty days after date; that the bill was duly protested for want of payment. It was signed as follows: "Chas. F. Hale, Pres't."

At a term of the court held in October, 1865, the defendant demurred to the declaration and pleaded payment.

On the 29th of November, following, the defendant filed in the clerk's office certain interrogatories to the plaintiffs, asking them, in substance, if they did not, in 1860 and 1861, furnish the Forest Hill Mining and Manufacturing Company, flour, grain, &c., and whether they had not received for accounts presented for the same, drafts signed similarly to the

one in suit, and whether the draft in suit was not in fact given for an account rendered against the company. The plaintiffs excepted to these interrogatories as irrelevant and immaterial, but the court, at the July term, 1866, required them to answer them.

They filed their answers, stating that they had no personal knowledge of the matters sought to be learned from them, as their business was conducted by a clerk, and they might be true or not; they did not know that the defendant was the president of the company, but may have heard him spoken of as such.

At the same term, July 1866, the demurrer to the declaration was overruled, "neither party desiring that a jury should be empanneled to try the *issues* in the cause, the court in lieu of a jury proceeded to try the same, and having heard the evidence was of opinion that the plaintiffs were not entitled to recover of the defendant in this action," and judgment was rendered for the defendant for costs.

The plaintiffs moved the court to set the finding and judgment aside and grant a new trial, which was overruled. The plaintiffs took a bill of exceptions to the ruling of the court requiring them to answer the interrogatories. After the plaintiffs had put in evidence the bill of exchange the defendant introduced the interrogatories and answers, which the court permitted to be read and the plaintiffs excepted. The defendant then proved that he was the president of the company, and had previously given the plaintiffs a draft signed similarly to the one in suit which had been paid by the drawer, and that the flour and grain had been furnished defendant for the bill in suit, and had been, previous to the drawing of it, charged on the books of the plaintiffs to the company, and that plaintiffs had heard the defendant spoken of as the president of the company. To which proof the plaintiffs objected, and, in its being permitted to be heard by the court, they excepted.

To the judgment of the court the plaintiffs obtained a writ of error and supersedeas.

| Jan'y Term, | Rand & Minsker *vs.* Hale. | 1869. |

*B. H. Smith*, for the plaintiffs in error, cited, among others, the following authorities:

"A note signed by two persons with the addition 'Trustees of Union Religious Society, Phelps,' is the individual note of the persons subscribing it. The addition is mere *descriptio personarum.* 8 Cowen, 31.

"The addition of the word 'agent' does not prevent the note from being treated as that of the person signing it. Edwards on Bills and Prom. Notes, p. 83, &c.; 10 Wend., 271.

"A note in this form 'I, John Franklin, President of the Mechanics' Fire Insurance Company, promise to pay, &c.,' is the note of Franklin, and not that of the company. 3 Wend., 94.

"It is a general rule that those who make promissory notes in a special character are liable personally whenever they fail to bind the persons for whom they act. 10 Wend., 271; 13 Johns., 307; 1 Cowen, 536.

"The fact that a payee of a bill knows that the drawer acts as an agent, does not relieve him from personal responsibility, when he draws in his own name, notwithstanding the contents are ordered to be charged to the principal. Edwards on Bills & Prom. Notes, p. 84; 11 Mass., 34.

"It is not sufficient to protect a party to describe himself as agent in the contract, if the language import a personal responsibility, therefore, if a person sign a note as 'guardian' he will be held personally liable to payment. 5 Mass., 299; 6 Mass., 58.

"An agreement by one styling himself 'Treasurer of the Jockey Club,' but binding himself personally, if the declaration against him be without the description, the variance is not material. *Mc Williams* vs. *Willis,* 1 Wash., 199."

*Lamb & Paull* for the defendants in error.

BROWN, President. This was an action of debt on a bill of exchange, and the only plea in the cause was a plea of payment.

And the first question to be determined is, whether in such case the plea confesses the cause of action as set forth in the declaration, or, in other words, admits the bill of exchange as described.

It is contended for the defendant that it does not, and that the plaintiff is bound notwithstanding to prove his case by the production of the bill of exchange corresponding with that described in his declaration. It is well settled that if the defendant had pleaded payment and *nil debit*, or any plea that could raise the general issue, the plaintiff would have been put upon the proof of his case.

It is equally true that under the statute where judgment has been entered and confirmed by default and not set aside before the fifteenth day of the next succeeding term of the court, that it is necessary to produce the bond or note to the clerk to enable and to guide him in issuing the execution on the judgment, and give such credits as may be endorsed thereon.

The case of *Moore* vs. *Fenwick*, Gilmer, 214, relied on by the defendant, will be found to turn upon the fact that it was an action on a penal bond, with condition to be discharged by the payment of a different sum, &c.

In such a case the declaration need only state the penal sum and not notice the condition, and if the defendant fail to crave oyer of the bond and condition, or otherwise plead the condition, the real matter of litigation would not come to the notice of the court, unless the bond declared on, of which profert had been made, were produced.

There would seem, therefore, more reason for the production of the bond in such a case than in the case of a simple note or writing obligatory of bill or exchange for a sum certain with no such collateral condition.

And the court in that case assigns as the reason why a bond of which profert has been made should be produced that "in all actions of debt upon bonds for the payment of money, judgment is to be rendered for the penalty to be discharged by the payment of the principal money and the

| Jan'y Term, | Rand & Minsker *vs.* Hale. | 1869. |
|---|---|---|

interest due thereon, which cannot be ascertained but by inspecting the same to see the amount and dates of the credits endorsed thereon." That this decision was made under the influence and in effectuation of the statute is manifest from the words of Judge Coalter in the case. "He (the defendant) had a right to see the bond and take advantage of the condition. If he had pleaded regularly it would have been after taking oyer of the bond and condition, which would in that case have made them part of the declaration, and then he could have pleaded *non est factum*, or have demurred for the variance; but if he had, after oyer, pleaded payment, could he then take advantage of the variance? I incline to think not. Before the statute, the defendant, to avail himself of the condition, must have taken oyer and pleaded payment before the day. Since the act he may plead payment before suit brought; but I do not understand that this act changes the form of pleading.

"The plea of payment is an affirmative plea and the defendant takes the *onus probandi* on himself, and has the right to introduce his evidence and to open and conclude the argument. If the plaintiff was bound to produce his evidence first, then he would have the *onus probandi* on him, and could open and conclude. The plea is not to the bond, it is that he has paid the debt in the declaration mentioned; had he craved oyer and pleaded *non est factum* the *onus probandi* would be on the plaintiff. Every plea in bar must go to the whole action; must either deny that the cause of action ever existed, as *non est factum* to a bond, or must confess the original cause of action and avoid it by matter since as payment; a plea by a party in court confessing and avoiding cannot have a less effect as to the admission of the debt orinally than a judgment by default.

"In slander, if justification be pleaded and the defendant fails in his proof speaking the words need not be proved to entitle the plaintiff to full damages. So if payment is pleaded to a bond with the condition to pay a less sum, if the defendant does not crave oyer of the condition he cannot avail himself of it on the trial, except by virtue of the

statute, in which case the court is *ex officio*, if required, to enter judgment according to the condition."

Judge Tucker, in a note on the case of *Moore* vs. *Fenwick*, says the "plea of payment in England admits the bond, and it need not be produced in evidence, but in Virginia it is said where profert is made the defendant has a right to have the bond produced, and if when it is produced, there is a variance, it is fatal. Yet though there be profert it has been decided that on the plea of payment a copy may be given in evidence if the original be proved to be lost."

This ruling, in an action upon a penal bond, with collateral condition, of which profert has been made under the influence of the statute which authorized the court *ex officio* if required, to enter judgment for the condition, should not be extended further than the class of cases which required it.

It ought not to be, as it surely was never intended, to subvert the well settled rules of pleading and evidence in all other classes of cases not required by the rule, nor within the influence of the principle or the statute affecting that case.

The very object of pleading is to produce an issue or an agreed state of facts. If the pleadings result in an issue the parties proceed to settle that issue by proofs, but if the pleadings result in an admitted or agreed state of facts, there could be no need of proofs for the end is attained and there is nothing further to be done but to pronounce the judgment of the law upon the facts confessed.

The plea of payment admits the debt "it is not to the bond," as Judge Coalter said in the case of *Moore* vs. *Fenwick*, and "it admits the bond," as Judge Tucker says is the rule in England, and I have no hesitation in saying it is equally the rule in West Virginia, and wherever else the common law rule prevails, and this view of the case is fully sustained by the case of *Hubbard* vs. *Blow*, 4 Call., 224.

I think, therefore, that the circuit court erred in requiring the plaintiffs to answer the interrogatories which were immaterial to the issue, if the plea of payment be held the only plea in the cause which was, whether or not the defendant

had paid the debt in the declaration mentioned. For the same reason the court erred in overruling the plaintiff's objection to the admission as evidence of the said interrogatories and the answer thereto; and all the other evidence offered to show that the debt was not and never had been the debt of the defendant, but was a debt of the Forest Hill Mining and Manufacturing Company; in fine, all the evidence offered and tending to disprove that the cause of action ever existed which the plea had confessed.

And for the same reason the court erred in overruling the plaintiff's motion for a new trial.

But the important question still remains, and that is, whether upon the facts of this case, as shown by the record, if the defendant had pleaded the general issue in addition to the plea of payment, and thereby put the plaintiffs to the proof of their case, the finding and judgment for the defendant were or were not sustained by the evidence?

And this becomes the more important, as it was claimed in the argument that in fact the plea of *nil debit* was pleaded, and the case tried upon that plea and the plea of payment, but that by some inadvertence the clerk omitted to enter the plea upon the record.

This view is strongly corroborated by the record which states that the "parties again came, by their attorneys, and thereupon the demurrer of the defendant to the plaintiff's declaration being argued and considered was overruled. And neither party desiring that a jury should be empanneled to try the *issues* in this cause, the court, in lieu of a jury, proceeded to try the same, and having heard the evidence was of the opinion that the plaintiffs were not entitled to recover of the defendant in this action."

It is unquestionable then that there was some other plea in the case than the plea of payment upon which issue was joined, and upon which, as well as upon the plea of payment, the trial was had. But what that plea was is not stated, though the circumstances lead to the supposition that it was the general issue. If, therefore, the evidence in

the cause should be held not only applicable but sufficient to sustain that issue, since the appellate court can only determine what appears upon the record, it might become necessary to reverse the judgment and remand the cause with the leave to the defendant to replead.

Considering then the case on its merits, which is the real question in the cause, it becomes important to determine whether the evidence sustains the findings and judgment on the general issue. In other words, whether the bill of exchange sued on was the personal and individual contract of the defendant, Hale, or whether it was not. The learned counsel for the defendant has argued with force and ingenuity to show that upon the case made, the Forest Hill Mining and Manufacturing Company was liable. However that may be, it is not necessary to the determination of this case, nor is it the inquiry we are called on to investigate. The true question is, whether or not the defendant is liable. And after a careful consideration of the subject and a review of the authorities cited in the argument, I am led to the conclusion, without hesitaton or doubt, that the defendant was liable personally on the bill of exchange, which as between him and the holder is his own individual contract and undertaking; in other words, it purports on its face to be the order of the defendant and the addition of the word "Pres't" to his signature does not shift the responsibilities from him to the company of which he was the president, so far as the plaintiffs are concerned.

I think, therefore, that the judgment should be reversed, with costs to the plaintiff in error, the verdict or finding set aside, and the cause remanded to the circuit court of Kanawha, to be there proceeded in, and a new trial granted the plaintiff upon payment of the costs occasioned thereby. And upon said new trial to be had, the said circuit court is to conform to the principles above indicated.

The remaining members of the court concurred.

JUDGMENT REVERSED.