## CHARLESTON.

PAUL SATTARELLI *et al., Partners v.* ELIZABETH CROPPER

(No. 6782)

Submitted September 30, 1930. Decided October 7, 1930.

*R. L. Ramsay* and *W. S. Wilkin,* for plaintiffs in error.
*Ingram & Levy* and *Charles Ritchie,* for defendant in error.

MAXWELL, JUDGE:

Upon notice of motion for judgment on an account for labor performed and materials. furnished, plaintiffs recovered judgment for $1,000 from defendant in the circuit court of Hancock County. Defendant assigns as error, first, the refusal of the court to give the only instruction tendered by her, and second, the overruling of her exceptions to remarks made by plaintiff's counsel to the jury in his closing argument.

To the notice of motion for judgment, defendant pleaded the general issue. After the jury had been sworn, but before the introduction of evidence, it was stipulated between the parties that the original debt claimed by plaintiffs was correct; that certain credits claimed by defendant were correct; that the only amount in dispute was $1,287.80. After argument but before the case went to the jury, the parties agreed as to remaining items except $1,000 which alone was left to the jury. Defendant took the position that she had paid this $1,000 in cash. This the plaintiffs denied.

The uncontroverted evidence shows a payment by defendant to plaintiffs of $1,000 by check dated May 5, 1928; likewise a receipt dated June 13, 1928, for $1,000 given by plaintiffs to defendant. Herein lies the controversy. Plaintiffs claim that the receipt was given for the payment evidenced by the check; defendant says that the receipt was given for a cash payment of $1,000 made on the date of the receipt. The jury resolved this issue in favor of the plaintiffs.

The instruction tendered by defendant and refused by the court is as follows: ''The Court instructs the jury that unless the plaintiff has proven the matters set up in the motion for

judgment by a preponderance of the evidence, then they shall find for the defendant.'' Defendant contends that the receipt is *prima facie* evidence of payment, and that the burden of disproving it rests upon the plaintiffs. The books show that a receipt when introduced as *prima facie* evidence of payment may be explained or invalidated by the oral evidence of the party signing it. It developed upon plaintiffs to show that the receipt in question, admittedly signed by one of them, was not given for a payment as of the date of the receipt as contended by defendant. That is, the burden of going forward with the evidence remained with the plaintiffs. We are not unmindful of the rule that a defendant relying on a plea of payment carries the burden of proving such payment. *Rand* v. *Hale*, 3 W. Va. 495; *Sammons* v. *Hawver*, 25 W. Va., 678; 21 R. C. L. 119. In the instant case, however, there was no plea of payment; nor was there any notice or specification of payment filed with the general issue plea, Code, chapter 126, section 4. But, as stated by JUDGE EDWIN MAXWELL in *Shanklin* v. *Crisamore*, 4 W. Va. 134, '' * * * it would seem that general payment before suit brought may be proved without bill of particulars.'' The trial proceeded on general issue alone, and thereunder the burden of establishing their right to a recovery was assumed by the plaintiffs at the outset and remained with them throughout the trial. The distinction between such situation and one wherein there is a plea of payment is recognized in *Rand* v. *Hale, supra,* where the court said: ''It is well settled that if the defendant had pleaded payment and nil debit, or any plea that could raise the general issue, the plaintiff would have been put upon the proof of his case.'' This is in conformity with general law. An old rule, though probably not infallible, is that the burden of proof devolves upon him against whom there would inevitably be judgment if no evidence were adduced. Jones on Evidence (De Luxe Ed.), sec. 176; *DiBacco* v. *Benedetto,* 82 W. Va. 84. ''* * * * The term 'burden of proof' has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at

the beginning or at any subsequent stage of the trial, in order to make or meet a prima facie case. * * * Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and, unless he meets this obligation upon the whole case, he fails. This burden of proof never shifts during the course of a trial, but remains with him to the end." *Egbers* v. *Egbers*, (Ill.) 52 N. E. 285. Also Greenleaf on Evidence (15th Ed.), Vol I, sec. 74, note.

Not only did defendant introduce the receipt but she fortified her position by oral testimony that the receipt was given for cash claimed to have been paid by her to plaintiffs on the date of receipt. This situation placed upon plaintiffs the necessity of rebuttal. "There is not, however, any rule in respect to receipts different from that applicable to any other *prima facie* evidence. To destroy its effect it must be overbalanced by other evidence laid before the jury, which is to judge whether there is such a preponderance. No rule can be laid down as to either the kind or quantity of evidence which ought to outweigh the receipt. * * * Where a receipt is properly introduced in evidence, the burden of proof to contradict or explain such receipt rests upon the party disputing it. * * * Where the evidence supporting and that impeaching a receipt are balanced, the receipt must have its *prima facie* effect." Am. & Eng. Ency. Law (2nd Ed.), Vol. 23, page 986.

It follows that it was prejudicial error for the court to refuse the instruction tendered by defendant.

Inasmuch as the case must be reversed and a new trial awarded on the ground considered, it is not necessary to discuss the remarks of counsel set up as the other ground of error.

The judgment will be reversed, verdict set aside and a new trial awarded.

*Reversed and remanded.*

LITZ, JUDGE, concurring:

I heartily concur in the decision; but would place it upon a principle of evidence rather than a rule of pleading. I think the party relying on payment must, ordinarily, assume the burden of proof whether he offers evidence under a special plea of payment or by way of the general issue. In the case of *Rand* v. *Hale*, 3 W. Va. 495, the court had under consideration the question of whether the plaintiff was required to adduce evidence of his claim where there had been no denial of its original existence by plea of the general issue, defendant having filed only pleas of payment and usury. Also in the case of *Shanklin* v. *Crisamore*, 4 W. Va. 134, there was merely a holding that general payment might be proven under the general issue without filing a bill of particulars. The receipt relied on by the defendant in this case was not denied. The only explanation that the plaintiff offered was that it was given for a check of the same amount from Mrs. Cropper to him more than a month previous to the date of the receipt, notwithstanding the check itself showed for what it was issued, and, therefore, served as a receipt for the amount. Moreover, numerous other checks had been given the plaintiff by the defendant on the indebtedness, all of which were prepared to serve as receipts, and in no other instance does the plaintiff claim that a receipt was given for a check. Under these circumstances, the burden was clearly on the plaintiff to explain the strong prima facie case of payment made by the written evidence in the case.