VIRGIE A. WINFREE *v*. B. H. DEARTH *et al.*

(No. 8389)

Submitted October 13, 1936. Decided December 1, 1936.

*Melville Stewart* and *Horace S. Meldahl,* for appellants.
*Charles F. Gore,* for appellee.

MAXWELL, JUDGE:

This is a suit to establish an express parol trust in real estate in favor of the grantor in a deed. A statute of this state, Code 36-1-4, provides that if a conveyance of land, not fraudulent, is made to one in trust for either the grantor or a third person, such trust may be enforced, though it be not disclosed on the face of the conveyance, nor evidenced by a writing.

The plaintiff, Virgie A. Winfree, was the grantor; and B. H. Dearth, the principal defendant, was the grantee of the property involved. The other defendant, Rosemond Dearth, is the wife of the principal defendant and is joined in the case because of possible dower interest. She was not a party to the transaction. For convenience, B. H. Dearth will be referred to as the defendant. From a decree directing the reconveyance to plaintiff, grantor, of the alleged trust property (an undivided one-half interest in a house and lot in the City of Dunbar), the defendant, grantee, appeals.

Plaintiff, a widow, and defendant had, prior to this controversy, for their mutual benefit, bought and sold real estate, and had shared equally the profits and commissions thereon.

In March, 1932, defendant conferred with the special commissioner, appointed by the court to make sale of the house and lot, with respect to the purchase of said

real estate. When advised by the special commissioner that the property should bring $900.00, defendant informed the special commissioner that he (defendant) did not feel able to carry the property himself at that price but that he would endeavor to find a co-purchaser.

Defendant informed plaintiff that the property was to be sold, and together they made a trip to. Dunbar and inspected the property and on the date set for sale, defendant bid it in for plaintiff at the price of $900.00.

Plaintiff says that it was her understanding that each was to pay one-half of the purchase price but the defendant refused to pay his proportionate share. Whereupon, plaintiff set about to finance the transaction. In contemplation of securing a substantial loan on her residential property located in the City of Charleston, she gave to the special commissioner her note for $900.00 secured by a deed of trust on both the Dunbar and Charleston properties.

In July, 1932, plaintiff executed and delivered to defendant a general warranty deed, duly acknowledged, granting to defendant an undivided one-half interest in the Dunbar property in "consideration of the sum of Ten Dollars ($10.00), and other good and valuable consideration." The consideration clause further recites "receipt of all of which is herewith acknowledged." The deed also stipulates that it is made subject to the deed of trust lien aforesaid and also any taxes outstanding against the property.

Plaintiff asserts that defendant has paid no consideration whatever for the interest set forth in the deed, and that there was an agreement between her and defendant that title to said interest should be placed in defendant for the sole purpose of rendering it easier for him to sell the property while she was absent from the state — that he should hold title to said moiety for her benefit. Defendant denies any such agreement. She alleges, and it is undenied, that she subsequently secured a loan of $2000.00 for which she mortgaged her Charleston real estate, and from the money thus obtained, she paid the purchase note of $900.00 for the Dunbar property.

Defendant says that the facts as alleged by plaintiff surrounding the purchase of the Dunbar property at judicial sale are substantially true except as to the payment of the purchase price; that he was ready and willing to pay his one-half of the purchase price but plaintiff declined to pay her half because the amount of money which she then had, necessary to pay her proportionate share she desired to invest in a mercantile business in the State of Virginia; that in order to further assist plaintiff in financing the Virginia undertaking, he paid her $500.00 in cash for the undivided one-half interest in the Dunbar property.

On the question of the payment of the $500.00, defendant asserts that he accompanied the plaintiff to the office of the attorney who prepared the deed for the one-half interest; that the attorney handed the deed to plaintiff in his presence; that they left the office together and drove to defendant's home whereupon he went to his private safety box, secured $500.00 in currency and upon the delivery of the deed by plaintiff to him, he gave her in cash $500.00.

Defendant places chief reliance on the receipt set forth in the deed and upon the legal proposition that parol evidence requisite to establish an express trust must be of high degree; that it must be strong, clear and free from doubt.

Ordinarily a receipt is *prima facie* evidence of payment to the extent therein stated. *Holcombe* v. *Coal Co.*, 96 W. Va. 473, 123 S. E. 248; *Columbus Onyx & Marble Co.* v. *Miller*, 74 W. Va. 686, 82 S. E. 1078; *Rogerson* v. *Leggett*, 145 N. C. 7, 58 S. E. 596; 48 Corpus Juris, p. 637. But it is not a contract and therefore when introduced as *prima facie* evidence of payment, it may be explained or invalidated by oral evidence. *Sattarelli* v. *Cropper*, 109 W. Va. 430, 155 S. E. 312; *Holcombe* v. *Coal Co., supra;* 21 Ruling Case Law, p. 123. Consult: *Fowlkes* v. *Lea*, 84 Miss. 509, 36 So. 1036, 68 L. R. A. 925, and note p. 928, 2 Ann. Cas. 466.

There rests on a plaintiff the burden of proving every fact necessary to show an express trust. *Jackson* v.

*Greenhow,* 155 Va. 758, 156 S. E. 377; 65 Corpus Juris, p. 318.

"When, however, a consideration different from the one expressed in the deed is attempted to be shown, the burden of proof is upon the party asserting it." *Harraway* v. *Harraway,* 136 Ala. 499, 34 So. 836, 838. *A fortiori,* where the amount recited, for which the receipt purports to give recognition, is indefinite and uncertain, and, the person relying thereon, insists on a different amount than that stated in the deed, the receipt carries little weight and the burden of proving payment rests on him who asserts it.

It is a familiar proposition that the consideration recited in a deed is open for explanation for any purpose, except to nullify the conveyance by showing that it was in fact not based on valuable consideration. *Baughman* v. *Hoffman,* 90 W. Va. 388, 395, 110 S. E. 829; *Hunt* v. *Hunt,* 91 W. Va. 685, 693, 114 S. E. 283; *Rymer* v. *South Penn Oil Co.,* 54 W. Va. 530, 537, 46 S. E. 559; *Taylor* v. *King,* (Va.) 6 Munf. 358, 8 Am. Dec. 746. So that, in the situation at hand, the deed must stand as a vital instrument transferring the legal title, regardless of what the grantor may prove as to want of consideration. But that does not preclude the establishing of an express parol trust as alleged. Such a trust must be grounded on legal title.

May a grantor be permitted to establish a trust in his favor where he has conveyed the property for a recited valuable consideration? An affirmative answer is implicit in the statute itself (*supra*). The provision therein, in effect, that a grantor may by parol evidence establish an express trust for his own benefit, necessarily carries the implication that the deed he made to the grantee was a valid deed transferring the legal title. The said statute must be deemed applicable to any valid deed, including a deed based on valuable consideration. There is nothing in the statute to indicate otherwise. It does not by any words of limitation restrict its application to deeds made without consideration under Code, 36-3-6.

While the plaintiff's testimony that no consideration in fact passed could not have the effect of destroying the deed, it may nevertheless be considered as tending to establish the trust alleged.

According to defendant's own testimony, he has had considerable experience in business matters, yet he required no specific receipt for, nor made any record of, the alleged cash payment of $500.00. This is difficult of explanation.

Tending strongly to support the plaintiff's contention, there is another circumstance which manifests itself throughout the record, namely, the confidential relationship which existed between the parties. For considerable time prior to the transaction resulting in this controversy, plaintiff and defendant engaged together in a few real estate transactions. She consulted with him on business matters and relied on his judgment. At his instance, the property herein was originally purchased. He negotiated the loan to enable plaintiff to complete the transaction, and defendant operated plaintiff's automobile for his own convenience. These are relevant matters strongly indicative that a trust was intended. "But if the parties were in a confidential relation before the transaction, that fact tends to make it more probable that a trust was in fact intended." 1 Bogert on Trusts and Trustees, p. 241. Consider also: *Harraway* v. *Harraway, supra;* 18 Corpus Juris, p. 422.

On the sharp issue of fact, the duty of making a finding devolved on the trial chancellor. We hold that his finding was clearly warranted by the facts and circumstances proven.

The decree of the circuit court is therefore affirmed.

*Affirmed.*