# CHARLESTON.

## HURST *v.* G. L. HURST.

7 339|
59 494|

### February 27, 1874.

S. H. (and wife), the rightful owner in fee simple of a tract of land, and the father of G. L. Hurst, conveyed, by deed dated the 9th day of December, 1863, to G. L. H. said tract of land, situate in Harrison county, West Virginia. In the early portion of the deed, the consideration of the same is stated to be one dollar. The land is described in the deed by metes and bounds and as containing one hundred and sixty-one and' one-half acres "to have and to hold the above described tract of land with its appurtenances, to the said G. L. H., and his heirs, and assigns forever. And S. H., and wife covenant to and with the said G. L. H., his heirs and assigns, to warrant and defend generally the above described tract or parcel of land to the said G. L. H., his heirs &c." In the deed, immediately after the last recited clause, are the following clauses, the one immediately following the other, viz. "It is fairly understood that the above described tract or parcel of land is to be the said G. L. H's., share of his father's S. H's., estate. And it is further understood'that I, S. H., hold a life interest in the above described tract of land."—HELD :

1874.
January Term.

1. That, in ejectment the deed should be so construed as to arrive at the true intent of the grantor and grantee, and that in so doing the whole of the deed and all its parts should be considered together.

2. That, adopting the above rule, the plain legal effect of the deed, upon its face, was, and is, to convey to G. L. H., an estate in fee simple, in the land to commence upon the death of S. H., and that S. H., reserved to himself an estate for, and during, his life in the lands.

3. That parol evidence as to the acts or declarations of the parties, at the time of the execution of the deed, or afterwards, are inadmissable and incompetent in such case, as evidence, to enlarge, restrain, explain or alter the intention of the grantor and grantee, as expressed in the deed, or to vary the legal effect thereof as clearly manifested by the deed itself.

4. That the deed is not so ambiguous as to admit of the introduction of such parol evidence for the purpose of determining the true intent and meaning of the parties by the language employed in the deed, or to show that it was the purpose and intent of the parties at the execution of the deed, that the deed should pass to G. L. H., an estate in fee simple, to take effect at the execution and delivery thereof, and not an estate in fee simple to take effect at the death af S. H.

An appeal, by the defendant below, from a judgment of the circuit court of Harrison county, rendered on the 12th day of October, 1870, in an action of ejectment therein pending wherein Shadrach Hurst was plaintiff and Gilbert L. Hurst was defendant.

The only question passed upon here was as to the construction of a deed from the plaintiff to the defendant, and the estate conveyed thereby, and what estate remained in the the grantor. This deed was a counterpart of that mentioned in the case of *Hurst v. M. V. B. Hurst*, reported *infra*, and the principles decided in that are fully affirmed in this case.

The Hon. Thomas W. Harrison, judge of said circuit court, presided at the trial below.

*George H. Lee* and *Caleb Boggess* for the appellant.

*C. C. Cole* for the appellee.

HAYMOND, PRESIDENT:

This is an action of ejectment brought in the county of Harrison by the plaintiff, against the defendant, in which there was a final judgment rendered by the circuit court, in favor of the plaintiff, against the defendant. The final judgment from which the appeal in this cause is taken was rendered on the 12th day of October, 1870. The cause was tried by the court in lieu of a jury, by

consent of the parties, and on the trial the defendant took an exception to the opinion, and rulings of the court, which was signed, sealed and made a part of the record. The principles and points decided by this court during the present term in the case of *Shadrach Hurst v. M. V. B. Hurst, infra,* and fully cover all the principles and points arising upon the record in this case. And for the reasons given in the opinion of the Court in that cause the judgment of the circuit court of the county of Harrison, rendered in this cause on the 12th day of October, 1870, is affirmed with costs and $50 damages to the appellee against the appellant.

The other Judges concurred.

JUDGMENT AFFIRMED.