# CHARLESTON.

Truman E. Cole v. William T. George.

Delbert Cole v. William T. George.

Submitted April 27, 1920.     Decided May 4, 1920.

1. Contract—*Agreement to Do What One is Legally Bound Is Not a Good Consideration.*

   An agreement by one to do what he is already legally bound to do is not a good consideration for a promise made to him. (p 349).

2. Bills and Notes—*Agreement by Endorser After Notice of Protest to Pay Interest is Not Consideration for Holder's Promise to First Exhaust Maker's Property.*

   An agreement by the endorser of a negotiable promissory note made after the said note has become due and has been duly protested for nonpayment, and due notice thereof given to him, that he will pay the past due interest installments, and make payment of the subsequent interest installments as the same become due, and pay the protest fees, is not a good consideration for a promise by the holder of said note to forbear suing the endorser thereon until the property of the maker has been exhausted. (p. 349).

3. Same—*Evidence—Endorser's Contract Stated; Endorser Cannot Vary Terms of His Contract by Parol Evidence of a Different Understanding.*

   One who places his name upon the back of a negotiable promissory note without qualification expressed in the writing, and delivers it to a third party for value, thereby agrees to pay to the holder of such note the amount thereof in case the maker fails to do so upon presentment when due and due notice to him of its dishonor by nonpayment, and he cannot vary the terms of the contract thus made by parol evidence of a different contemporaneous or prior understanding. (p. 349).

4. Evidence—*Indorser in Blank Cannot Show by Parol a Contemporaneaus Agreement to Be Liable as Guarantor.*

   One who has endorsed a negotiable promissory note in blank without qualification expressed in the writing cannot show by parol, as against the person to whom he delivered it, a contemporaneous agreement between them that he was to be liable only as guarantor and not as endorser, where no mistake or fraud in procuring the endorsement is alleged. (p. 349).

(Lynch, Judge, Absent).

Error to Circuit Court, Barbour County.

Action by Truman E. Cole against William T. George. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

Action by Delbert Cole against William T. George. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*J. Blackburn Ware* and *George & Wilcox,* for plaintiff in error. *Arthur S. Dayton,* for defendant in error.

RITZ, JUDGE:

While these suits are brought by separate plaintiffs against the same defendant, they involve the same questions, for which reason they will be considered together.

They are suits for the purpose of recovering against the defendant as endorser on two notes of J. V. Thompson, one held by each of the plaintiffs. It appears that each of the plaintiffs had some money for investment, and the defendant representing the holder of these notes, for a commission received from such holder, endorsed them to the plaintiffs. The notes are negotiable promissory notes, and the endorsement of the defendant thereon is what is termed an indorsement in blank made by simply writing his name across the back unqualified by any writing in connection therewith. The notes were due at four years from their date, with interest payable annually. The maker paid the annual interest for the first two years, and for the next year the annual interest was paid by the defendant. When the notes became due they were duly protested for nonpayment, and due notice thereof given to the defendant. To these suits he sets up two matters of defense:

First, that shortly after these notes became due he learned that the maker J. V. Thompson was being sued by a number of his creditors, and that he went to the plaintiffs and advised them that he desired to have judgments obtained upon these notes against the maker, and that if they would turn the notes over to him for that purpose he would obtain the judgments thereon at his own expense, and would also pay the interest then

past due, and pay the same in the future as it became due, and pay the protest fees which had accrued. The notes were turned over to him with this understanding, which is evidenced by a writing given by him to the plaintiffs. In this writing, in addition to what is above stated, he recites that any amount collected by•him on the notes, or on any judgment that he obtains in his own name thereon, shall be turned over to the plaintiffs, to the extent that it may be necessary to pay any unpaid balance remaining due the plaintiffs at such time, and that he as endorser will pay to the plaintiffs any sum necessary to make up the amount due them in case there is not sufficient recovered from J. V. Thompson for that purpose. It is further recited in this writing that his liability as endorser shall be in no wise affected by the transaction. By a special plea he sets up this arrangement, and says that by it he became a guarantor on the notes, or rather that the plaintiffs agreed to postpone their collection from him as endorser until the estate of J. V. Thompson was exhausted; that J. V. Thompson has been declared bankrupt, and has a very large estate, but that the same has not yet been wound up, wherefore no right of action exists in the plaintiffs against him. The court below rejected this plea. It may be doubted whether the construction put upon that agreement by the defendant is justified, but assuming that the plaintiffs did agree with him that they would not sue him until J. V. Thompson's estate was exhausted, was there any consideration for such an agreement for forbearance? The only thing that the defendant agreed to do was to pay the interest then due upon the notes, and to pay the annual interest thereon thereafter as the same became due, and the protest fees, and to prosecute a suit in his own name against Thompson, the maker, without expense to the plaintiffs. All of these things he was obliged to do at any rate. It is admitted in his pleading that the notes were past due; that they had been duly protested, and that he had received due notice of their dishonor. He thereupon became obliged to pay the notes, and when he agreed to pay the annual interest past due, and as the same became due thereafter, and to pay the protest fees, he was giving to the plaintiffs nothing that they were not entitled to receive from him. His agreement

not to charge the plaintiffs fees for prosecuting suits in his own name against Thompson could not be any consideration, for the reason that it was his duty to pay off the notes after the same were dishonored without requiring the plaintiffs to sue him or anyone else thereon, and such suits were prosecuted for his own benefit. It is very well established that an agreement to do what one is already legally bound to do is not a good consideration for a promise made to him. *Vance* v. *Ellison,* 76 W. Va. 592. And the promise of one liable to pay a promissory note to make certain payments thereon, made after the same is due, is not a good consideration for an agreement to extend the time of payment upon said note. 6 R. C. L., Title "Contracts" § 73; *Davis* v. *Stout,* 126 Ind. 12, 22 Am. St. Rep. 565; *Wells* v. *Hughes,* 89 Va. 543; *Bender* v. *Been,* 78 Iowa 283, 5 L. R. A. 596. The court below therefore committed no error in rejecting this defense.

The other defense made by the defendant is that at the time he endorsed these notes to the plaintiffs it was agreed between him and the plaintiffs that he should not be liable thereon, and should not be sued thereon until the estate of the maker had been exhausted. In other words, that he was only a guarantor for the payment of these notes, and not an endorser thereon. This defense was likewise rejected by the circuit court. The plaintiffs insist that to allow the defendant to prove this matter in defense would be to change the terms of the contract. It must be borne in mind that one who places his name upon the back of a negotiable note in regular order of endorsement, and delivers it to another, agrees to pay the amount of that note to the holder thereof, in case the maker does not pay the same at maturity, provided due notice is given to him of its dishonor. The obligation is just as binding upon the endorser as if he had written out this agreement over his signature. Now suppose he had written such an agreement as this and signed his name to it, could he be heard to say when sued upon it that there was a contemporaneous oral understanding that before he would be bound the original obligor must first be exhausted. This would violate our well established rule denying the right of a party to an instrument to vary the terms

or conditions thereof by parol evidence. He can say, of course, as between him and the party with whom he dealt, or one charged with knowledge of their transactions, that it was delivered upon conditions, and that those conditions have not been performed, hence there is no liability upon him, or that it was procured from him by fraud, or that the holder procured it from him without consideration, but it will be noted that these defenses deny any liability upon the paper. Where, however, the defendant admits that he is liable because he endorsed his name upon the paper, he cannot prove that there was a contemporaneous parol understanding or agreement that he would be bound in any different way from that which the contract contained upon the paper imports. *Ware* v. *Allen,* 128 U. S. 590; *Walson ·v. Hurt,* 6 Gratt. 633; *Woodward* v. *Foster,* 18 Gratt. 200; *Charles* v. *Dennis,* 42 Wis. 56; *Aronson* v. *Nurenberg,* 218 Mass. 376; *Beach* v. *Nevins,* 162 Fed. 129, 18 L. R. A. (N. S.) 288, and authorities cited in the note. The circuit court therefore committed no error in rejecting this defense.

Our conclusion is, therefore, to affirm the judgment in each of the cases.

*Affirmed.*