## MANKIN v. BARTLEY.

(Circuit Court of Appeals, Fourth Circuit. December 6, 1921.)

No. 1906.

1. **Appeal and error** ⊛204(4)—**Defendant not objecting to evidence, and assuming burden on issue to which it related, not entitled to complain that it was incompetent.**

Where, on a motion to quash an execution on the ground that the judgment had been discharged by a compromise agreement, evidence that the agreement was executed on condition was not objected to, and, on the contrary, defendant assumed the burden of proving that the settlement was honestly and fairly arrived at, and executed and delivered without conditions of any kind, he could not be heard to say that it was improperly admitted, because the agreement was under seal and delivered to defendant or his agent.

2. **Compromise and settlement** ⊛5(1)—**Evidence** ⊛444(2)—**Evidence admissible to show conditional delivery of agreement under seal, though delivered to obligee.**

Under the law of Virginia, a compromise agreement, though under seal, might be delivered on condition, and parol evidence was admissible to show that it was executed and delivered on condition that it was not to be effective unless approved by a party's attorneys, and that the condition had not been complied with, though the delivery was to the other party or his agent.

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap; Edmund Waddill, Jr., Judge.

Action by James Bartley against Speed Mankin. A motion to quash an execution was denied, and defendant brings error. Affirmed.

Roland E. Chase and George C. Sutherland, both of Clintwood, Va. (Chase & McCoy and S. H. & George C. Sutherland, all of Clintwood, Va., on the brief), for plaintiff in error.

Clarence E. Gentry, of Charlottesville, Va. (R. H. Cooper, of Pikeville, Ky., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge. In a personal injury suit, tried in May, 1919, Bartley recovered a judgment against Mankin for $4,000 and costs. The judgment was affirmed by this court a year later (266 Fed. 466), and Mankin thereupon petitioned the Supreme Court for a writ of certiorari (254 U. S. 631, 41 Sup. Ct. 7, 65 L. Ed. ——). While this application was pending, negotiations were opened for a compromise and settlement of Bartley's claim. It was finally agreed to submit

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the matter to two arbitrators, namely, W. J. Branham, representing Bartley, and George C. Sutherland, one of Mankin's attorneys. In compliance with their decision the parties signed an agreement under seal, on June 9, 1920, which provided for a release of the judgment by Bartley on payment to him of one-half the amount thereof with interest, less any costs, and for a dismissal of the petition to the Supreme Court. At Bartley's request, as is alleged, Mankin gave his check for the agreed amount to Branham, who deposited it in bank to the credit of the firm of which he was the senior member.

Bartley's attorneys had no notice of the negotiations and knew nothing of the settlement until after the agreement was executed. Bartley says, and this is the whole dispute, that he agreed to the compromise and signed the contract on the express condition, repeatedly stated by him, that it should be approved by his attorneys. As they strongly disapproved, when the contract was presented to them, he refused to carry out the agreement or to be bound by it. The money paid by Mankin remains in the possession of Branham's firm. Some time afterwards execution was issued on the judgment and a levy made. Mankin filed a motion to quash on the ground that the judgment had been discharged by the agreement in question. The court below denied the motion, and Mankin brings the case here on writ of error.

The main contention, to quote from the brief, is that, "in the absence of fraud or mistake a bond or deed (or in fact any written contract), complete on its face cannot be proven to have been delivered on condition when the delivery was to the obligee or grantee"; that is to say, since this contract was under seal, parol proof was inadmissible to show that it was delivered to Bartley, or his agent, Branham, on condition that it should not take effect unless approved by his attorneys, and a number of the earlier Virginia cases are cited in support of the proposition.

[1] It would be a sufficient answer to point out that all the testimony bearing on this issue was received without objection. Indeed, the record indicates that at the trial Mankin assumed the burden of proving that the settlement was honestly and fairly arrived at, that no advantage was taken of Bartley or misrepresentation made to him, that he perfectly understood what he was doing, and that the agreement was executed and delivered without conditions of any kind. This being so, it seems plain that Mankin cannot now be heard to say that the testimony was improperly admitted. Even in a criminal case, incompetent evidence, received without objection by the accused, "is to be considered and given its natural probative effect as if it were in law admissible." Diaz v. United States, 223 U. S. 442, 450, 32 Sup. Ct. 250, 252, 56 L. Ed. 500, Ann. Cas. 1913C, 1138.

[2] Aside from this, however, it is believed to be the settled rule of law, in Virginia as well as in other jurisdictions, that a contract under seal may be delivered on condition, and that parol evidence is admissible to show failure of compliance with the condition. As to Virginia, it is enough to cite the recent case of Whitaker v. Lane, 128 Va. 317, 104 S. E. 252, 11 A. L. R. 1157, in which the subject is fully and ably discussed. The conclusion reached in that case, which seems di-

rectly in point, accords with repeated decisions of the federal courts. Thus, in Ware v. Allen, 128 U. S. 590, 9 Sup. Ct. 174, 32 L. Ed. 563, the Supreme Court says:

"We are of opinion that this evidence shows that the contract upon which this suit is brought never went into effect; that the condition upon which it was to become operative never occurred, and that it is not a question of contradicting or varying a written instrument by parol testimony, but that it is one of that class of cases, well recognized in the law, by which an instrument, whether delivered to a third person as an escrow or to the obligee in it, is made to depend, as to its going into operation, upon events to occur or to be ascertained thereafter."

To the same effect, and of unmistakable import, are among others, Beach v. Nevins, 162 Fed. 129, 89 C. C. A. 129, 18 L. R. A. (N. S.) 288, and Gateway Produce Co. v. Farrier Bros. (C. C. A.) 268 Fed. 513. It is not open to doubt that the testimony in dispute was properly received and considered.

Whether or not the agreement signed by Bartley was delivered on the condition stated by him, which concededly had not been met, was a question of fact for the trial court to determine. On conflicting testimony the finding was in Bartley's favor, and no convincing reason appears for setting it aside.

Affirmed.