RAY C. HAMON, *et al., etc.*

*v.*

MARSHALL E. AKERS, *et al., etc.*

(No. 13581)

Decided March 16, 1976.

*Goodwin, Goodwin, Bryan & Lobert, Stephen P. Goodwin* for appellants.

*Ralph E. Phillips* for appellees.

CAPLAN, JUSTICE:

In the Circuit Court of Jackson County the plaintiffs below, Ray C. Hamon and Dorothy Hamon, his wife, instituted an action against the defendants, Marshall E. Akers and Margaret P. Akers, his wife, wherein they sought specific performance of a contract entered into by said parties. The court subsequently entered an order granting the defendants' motion for summary judgment and the plaintiffs prosecute this appeal.

On June 23, 1973 the plaintiffs entered into a contract with the defendants under the terms of which the defendants agreed to sell to the plaintiffs a described parcel of land consisting of approximately 40 acres for the sum of $6,000.00. On the face of this handwritten agreement, which was signed by all four parties, was a notation showing that the sum of $50.00 had been paid by the plaintiffs in the form of an option, which sum was to be applied to the selling price.

In their complaint the plaintiffs allege that they made a tender of the purchase price to the defendants and requested a conveyance of the land, but that the defendants refused the tender and have refused to make the conveyance. They further allege that they now offer the purchase price. As a result of said refusal to convey, the plaintiffs therein demand specific performance of the contract; damages in the sum of $1,000.00; or, in lieu of specific performance, damages in the sum of $7,000.00.

In their answer the defendants admit that they signed the writing referred to in the plaintiffs' complaint but

deny the other allegations. As a defense the defendants say that prior to the signing of the aforesaid contract they advised the plaintiffs that there was a deed of trust upon the subject property to secure Farmers Home Administration in the principal amount of $15,000.00 and that they did not know whether a partial release of said deed of trust could be obtained; that unless a partial release could be obtained, releasing said real estate, they could not sell such real estate to the plaintiffs; and, that the defendants did attempt to obtain a release from Farmers Home Administration but that the latter refused to release the deed of trust. The record contains a copy of a letter from a representative of Farmers Home Administration, dated August 10, 1973, wherein the defendants were informed that their application for a partial release had not been approved.

It is further asserted by the defendants that the said contract for the sale of the subject land is "null and void and not binding or of any effect inasmuch as said 'agreement' was made subject to defendants being able to secure a release from Farmers Home Administration, and defendants cannot secure said release from Farmers Home Administration, of the aforesaid deed of trust."

The defendants filed a motion for a summary judgment on the grounds that the plaintiffs' pleadings and affidavits of defendant Marshall E. Akers show that the defendants are entitled to a judgment as a matter of law. The affidavit of Marshall E. Akers reflected the matters alluded to above in relation to their attempt to obtain a release of a deed of trust upon the subject property from Farmers Home Administration and that the fact that such release could not be obtained. He further avers in his affidavit that at the time the contract was executed the plaintiffs agreed that the real estate would not be sold if the release of the deed of trust could not be obtained. There was no response by the plaintiffs to the motion for summary judgment, nor were the averments in the affidavit of defendant Marshall E. Akers in any manner rebutted.

The plaintiffs assign the following reasons in support of their contention that the court erred in granting summary judgment: (1) As a matter of law, a valid written contract for the sale of real estate existed; (2) The affidavit used in support of the defendants' motion for summary judgment was based on inadmissible parol evidence; and (3) There were genuine issues of fact.

In relation to the first assignment the defendants do not deny the existence of a written contract, valid on its face, for the sale of real estate. This, however, is not dispositive of the principal issue in this case. That issue is embodied in the second assignment of error relied upon by the appellants; that is, whether the Akers affidavit in support of the defendants' motion for summary judgment was based on inadmissible parol evidence. If that issue is answered in the affirmative the motion for summary judgment was erroneously granted and the judgment entered pursuant thereto must be reversed. If, however, the affidavit reflects admissible parol evidence the judgment will be affirmed.

Rule 56(e) of the West Virginia Rules of Civil Procedure, where pertinent, provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts *as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis supplied.) The plaintiffs contend that the statements in the affidavit in relation to the deed of trust and the affiant's inability to obtain a release thereof do not set forth such facts "as would be admissible in evidence," as required by the aforesaid Rule 56(e). It is asserted by the plaintiffs that the statements in the Akers affidavit as to the existence of the deed of trust on the subject property were inadmissible as evidence; that the summary judgment, therefore, was based on an improper and inadequate affidavit; and, that such summary judgment was erroneously granted.

In support of their position the plaintiffs cite several decisions of this Court for the well established rule that

parol evidence is inadmissible to vary or contradict the terms of a valid unambiguous written contract. In *Nettles v. Imperial Distributors, Inc.*, 152 W. Va. 9, 159 S.E.2d 206 (1968), it was held that where a chattel is sold by a written contract which is silent on the subject of warranties, the purchaser is precluded by the parol evidence rule from proving an express oral warranty made by the seller prior to or at the time of the execution of the written contract. *Accord: Wyckoff v. Painter*, 145 W. Va. 310, 115 S.E.2d 80 (1960); *Central Trust Co. v. Virginia Trust Co.*, 120 W. Va. 23, 197 S.E. 12 (1938); *Tabler v. Hoult*, 110 W. Va. 542, 158 S.E. 782 (1931); *Leckie v. Bray*, 91 W. Va. 456, 113 S.E. 746 (1922). Applying the principles set out in those decisions to the instant case the plaintiffs say that the trial court has permitted the use of parol evidence to vary or contradict a valid unambiguous contract.

The defendants, on the other hand, deny that the statements in the Akers affidavit serve to vary or contradict the terms of the subject contract. The effect of those statements was that the parties had agreed that there would be no conveyance if the defendants could not obtain from Farmers Home Administration a release of the deed of trust on said real estate. The defendants assert that the statements constitute properly admissible evidence to demonstrate a condition precedent to the efficacy of the contract.

Upon examination of the record in this case, particularly the contract and the Akers affidavit, we are of the opinion that the defendants' position properly reflects the majority rule in relation to the admissibility of such parol evidence. This statement is found in 30 Am. Jur. 2d, *Evidence*, §1038; "It is now the general rule that parol evidence is admissible to show conditions precedent which relate to the delivery or the taking effect of a written instrument. Such evidence does not constitute an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever

existed, at least not until the fulfillment of the condition." Cited in the footnote to that section is *Miners' and Merchants' Bank v. Gidley*, 150 W. Va. 229, 144 S.E.2d 711 (1965), the second syllabus point of which reads: "Parol evidence is always admissible to show the nonexistence of a contract or to show the conditions upon which a writing is to become effective as a contract."

This Court, in *Weirton Savings and Loan Company v. Cortez*, W. Va., 203 S.E.2d 468 (1974), expressly approved Syllabus No. 2 of *Miners' and Merchants' Bank v. Gidley*, *supra*, noting that the principle stated therein is well recognized in the vast majority of American jurisdictions. This general rule is also recognized in Restatements, Contracts §241 and the West Virginia annotations thereto, prepared by Robert T. Donley. *See also, Securities & Investment Corporation v. Heron*, 88 W. Va. 552, 107 S.E. 179 (1921) and *Brown v. Cabell*, 111 W. Va. 186, 161 S.E. 438 (1931).

The *Gidley* case and the *Cortez* case are readily distinguishable from *Nettles v. Imperial Distributors, Inc.*, *supra; Wyckoff v. Painter, supra* and *Leckie v. Bray, supra*, cited by the plaintiffs, in that in the latter cases the parties sought to employ the use of parol evidence to contradict unambiguous terms of the written contracts while in the former cases parol was properly used to prove a contemporaneous condition precedent to the efficacy of the written contracts, not inconsistent with the writings. Parol evidence which explains or supplements a written contract without varying or contradicting the terms thereof is competent and admissible.

In the instant case the parol evidence contained in the Akers affidavit clearly demonstrates that the contract would become effective only if and when a release of the deed of trust could be obtained from Farmers Home Administration. There is nothing in the oral agreement alluded to in the affidavit inconsistent with the writing; nothing therein which varies or contradicts the contract for the conveyance of real estate. The parol evidence merely shows that the written agreement shall not be-

come binding until the happening of a future event—the obtaining of a release of the deed of trust. We hold, therefore, that the affidavit was a proper and adequate basis for the motion for summary judgment.

Having held that the supporting affidavit of the movant for summary judgment was proper insofar as the admissibility of the evidence was concerned, we find and further hold that the affiant had personal knowledge of the facts alleged and was competent to testify in relation to the matters stated therein. In this circumstance it is contemplated by Rule 56(c), R.C.P., that the motion for summary judgment will in some manner be opposed. In the instant case plaintiffs remained silent. They made no attempt whatever to rebut the statements in the Akers affidavit either by filing an opposition affidavit or otherwise. It was obligatory upon the plaintiffs if they desired to resist the defendants' motion for summary judgment to present some evidence to indicate that the facts were in dispute or that the allegations in the movant's affidavit were not true. The mere contention that there is an issue as to a material fact is not sufficient. *Petros v. Kellas,* 146 W. Va. 619, 122 S.E.2d 177 (1961); *Brady v. Reiner,* W. Va., 198 S.E.2d 812 (1973).

The following statement is found in 73 Am. Jur. 2d, *Summary Judgment,* §20: "Facts set forth in an affidavit in support of a motion for summary judgment will be presumed true where not controverted. The failure of a plaintiff to file any counteraffidavit or present any proof in response to the defendant's motion for summary judgment forces the court to accept as true that no factual issue existed regarding the contract attached to the motion. . . . A summary judgment has been held to be mandatory where the party opposing it does not file affidavits in opposition to affidavits filed by the moving party, unless the papers of the moving party fail to show that he is entitled to a judgment as a matter of law."

A party opposing a properly supported motion for summary judgment may not rest on the mere allega-

tions or denials of his pleading but his response by affidavit or otherwise must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. 73 Am. Jur. 2d, *Summary Judgment*, §22 and §23.

The proposition that the party opposing summary judgment must present some evidence indicating that the facts are in dispute was expressly affirmed by this Court in *Guthrie v. Northwestern Mutual Life Insurance Company*, ____ W. Va. ____, 208 S.E.2d 60 (1974). The holding of the Court in regard to this issue is reflected in Syllabus No. 2 thereof, which reads as follows:

> 2. Under the provisions of Rule 56 of the West Virginia Rules of Civil Procedure, when the moving party presents depositions, interrogatories, affidavits or otherwise indicates there is no genuine issue as to any material fact, the resisting party to avoid summary judgment must present some evidence that the facts are in dispute.

In *Berry v. Atlantic Coast Line Railroad Company*, 273 F.2d 572 (4 Cir. 1960) it was held that in a summary judgment proceeding wherein the moving party made a convincing showing that there was no genuine issue as to a material fact the opposing party in order to successfully resist the granting of the motion must attempt to show that questions of fact do exist which would make disposition of the case by summary judgment improper. It was said therein: "The allegations of plaintiff's unverified complaint will not suffice ... On the contrary, the plaintiff's case must be judged solely on the record she has made before the trial judge in resisting the motion for summary judgment." Cited in the *Berry* case was *Bruce Construction Corp. v. United States*, 242 F.2d 873 (5 Cir. 1957) which included the following meaningful language:

> Consequently, when a movant makes out a convincing showing that genuine issues of fact are

404

lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence.

The unverified complaint in the instant case sets out a valid written agreement and alleges the breach thereof by the defendants. In no manner does this complaint dispute the matters set forth in the affidavit in support of the motion for summary judgment. This record reveals no meaningful resistance to such motion by the defendants. In this circumstance, as forcefully demonstrated by the foregoing authorities, the plaintiffs have failed to carry their burden of showing that there was a genuine issue as to any material fact and the moving party was entitled to a judgment as a matter of law.

For the reasons stated herein the judgment of the Circuit Court of Jackson County is affirmed.

*Affirmed.*