## AMANDA HARDMAN *vs.* R. C. ORR *et ux.*

### July Term, 1871.

1. H., desirous of providing for the comfort of a natural daughter, procured H. H. to purchase land in his own name, and have it conveyed to him, to be held by him a reasonable time, and then to be conveyed directly to the natural daughter. H. furnished the money to pay for the land, and the daughter entered into possession of the same. H. deceased shortly thereafter, and H. H. sometime thereafter, without having made the deed. Bill brought against widow and infant heirs of H. H., to compel conveyance to the natural daughter. HELD:

    I. When the land was paid for with the money of H., and the legal title vested in H. H., the trustee, for the benefit of the natural daughter, a perfected and complete gift was made to her, which may be enforced against the trustee and his heirs.

    II. It is competent to prove the object of the trust by parol evidence.

    III. The widow of H. H. is not entitled to a dower in the land, as her husband held the naked legal title without any beneficial interest.

2. It is not improper to read depositions which appear to be irregularly in the cause, as against infant defendants, if it is done with the consent of the guardian *ad litem.*

Suit in equity in the circuit court of Tyler county. Bill filed December rules, 1866. It alleged that the oratrix, Sophia, wife of R. C. Orr, was the natural daughter of one Hickman, long since deceased. That she had a brother, also a natural son of Hickman, who took the name of their mother, Hardman. That Hickman repeatedly, during his lifetime, recognized the oratrix and H. H. Hardman as his children, and took the latter into his family after his intermarriage with another woman, other than the mother of the oratrix and H. H. Hardman, and provided for him, so that in time he acquired considerable property. That Hickman being desirous of forwarding the interests and providing for the comforts of the oratrix, after her intermarriage with the

orator, procured the brother, H. H. Hardman, to purchase a certain tract of land, containing about one hundred and seventy-two acres, in his own name, the deed to be made to Hardman, the money paid for the same to be furnished by Hickman. All of which was done about the year 1843, and the plaintiff moved upon the land and took possession. Hickman further providing by this arrangement, that after a reasonable length of time Hardman should convey the land to the orator and oratrix. That the motive for having the land conveyed, as he alleged, to H. H. Hardman, in the first instance, being to prevent discord in his (Hickman's) own family.

That Hickman was deceased many years; that Hardman had neglected to make a deed, and had been suddenly killed, and had left a widow and infant heirs. They therefore prayed the court to decree a conveyance to them.

The widow of Hardman was appointed guardian *ad litem* for the infant heirs, and answered, denying substantially the material allegations of the bill.

The depositions taken in the cause supported the allegations of the bill in all essential particulars.

The depositions appear to have been irregularly taken, but an order appears in the cause wherein it is provided that by *consent* of the parties they were allowed to be read.

The court below decreed a deed to the female plaintiff, at the August term, 1869.

The defendants appealed to this court.

MAXWELL, J. The appellants insist that the bill should have been dismissed upon the pleadings and proof, because there is no such trust or other equity as can be enforced.

The tract of land in the bill described was purchased by Hardman in his lifetime, by the direction of Hickman, paid for with money furnished by the said Hickman, and by his direction the conveyance was taken to the said Hardman, to be held by him for the use and benefit of Mrs. Orr, the natural daughter of the said Hickman. It is claimed that this constitutes a merely voluntary contract which cannot be enforced. If it is merely a voluntary executory contract it cannot be enforced. Story's Eq. Jur., s. 973 and 706 a and 433.

When the land was paid for with the money furnished by Hickman, and the legal title vested in Hardman, the trustee, for the benefit of Mrs. Orr, a perfected and complete gift was made to Mrs. Orr, which may be enforced against the trustee, or his heirs. Story's Eq. Jur. and 706 a; *Minchin* vs. *Merrill*, 2 Edwards, ch. R. 323; *Pulvertoff* vs. *Pulvertoff*, 18 Vesey Jr., 84; Pye, *exparte*, 18 Vesey, Jr., 140; *Ellison* vs. *Ellison*, 6 Vesey, Jr., 656; *Bum* vs. *Winthrop*, 1 Johnson ch. R., 329; *Jeffreys* vs. *Jeffreys*, 1 Craig & Phillips, 138. It is competent to prove the object of the trust by parol evidence, as is done in this case. *Boyd* vs. *McLean*, 1 Johnson, ch. R. 582; *Bank of U. S.* vs. *Carrington*, 7 Leigh, 566; Hill on Trustees.

This disposes of the second assignment of error, as well as the first.

There can be nothing in the objection raised that it was improper to read certain depositions in evidence against the infant defendants, with the consent of the guardian *ad litem.*

It is claimed that Mrs. Hardman is entitled to dower in the tract of land in dispute, and that the court erred in not assigning it to her. Mrs. Hardman is not entitled to dower in the property, as her husband held the naked legal title without any beneficial interest.

The decree complained of will have to be affirmed with damages and costs.

The other judges concurred.

DECREE AFFIRMED.