## CHARLESTON

STEELE *v.* MOORE.

Submitted March 19, 1912.   Decided December 10, 1912.

PARTNERSHIP—*Accounting—Partial Settlement.*

> It is error for the court on a partial settlement of a partnership to give a personal decree in favor of one partner against another for a balance found due him on such partial settlement.

Appeal from Circuit Court, Kanawha County.

Bill in equity by C. D. Steele against William E. Moore. From a decree for plaintiff, defendant appeals.

*Reversed and Remanded.*

*Alexander & McCabe, T. L. Kerse* and *Cato & Bledsoe,* for appellants.

*W. W. Lively* and *H. C. & L. E. McWhorter,* for appellee.

MILLER, JUDGE:

In a suit to wind up and settle a partnership, the fact of partnership alleged in the bill and denied in the answer, is fully

established by proof, as found by the commissioner and decreed by the court, and we will not further consider that question.

The commissioner's report and supplemental report, the latter, as shown thereby, made on request of the parties, and to which exceptions of plaintiff thereto, not in the record, appear to have been sustained, show, assets not sold, credits due the firm not collected, and liabilities of the firm aggregating a large sum unprovided for.

Notwithstanding this unsettled condition of the co-partnership the court below, by the decree appealed from, on the showing of the commissioner's original report that defendant had drawn from the partnership funds the sum of $2,425.99, in excess of the amount drawn by plaintiff, and on the assumption that defendant had also withdrawn from the firm the additional sum of $577.92, which he had used in the business of the Moore Construction Company, of which he was a member, and with which the latter company stood debited on the books of the co-partnership, as an item of assets of said firm, and being of opinion that plaintiff was entitled to half of these two sums, aggregating $1501.95, adjudged that he recover of defendant this sum with interest and costs.

As held in numerous cases in this and other courts, and laid down in many text books, it is error on a partial settlement for the court to give a personal decree in favor of one partner and against another for a balance found due him on such partial settlement. *Bartlett & Stancliff* v. *Boyles,* 66 W. Va. 327; *Moore* v. *Wheeler,* 10 W. Va. 35; 2 Bates on Part., section 971; *Hyre* v. *Lambert,* 37 W. Va. 26; *Carper* v. *Hawkins,* 8 W. Va. 291.

All that court and counsel need do in cases of this character in order to avoid error is to observe and follow the rules clearly laid down in these decisions. It is too bad, that by neglecting them in this case so much unnecessary cost and expense has been incurred in the vain attempt to settle up the business of so small a concern. The decree below will be reversed and the cause remanded for further proceedings.

*Reversed and Remanded.*