# CHARLESTON

## LANTZ v. TUMLIN *et al.*

### Submitted February 14, 1914. Decided April 21, 1914.

1. PARTNERSHIP—*Settlement—Evidence.*

    A case in which, on bill by one of the partners for settlement and winding up of a mining partnership, denied by defendant, the evidence fully supports the decree below decreeing the existence of such partnership.   (p. 197).

2. TRUSTS—*Application—Confidential Relations.*

    Where persons associate themselves together in a joint enterprise for profit, either as partners or otherwise, a relationship of trust and confidence is thereby established, and thereafter as between them in the conduct of the joint or partnership business the statute of frauds is inapplicable.   (p. 198).

3. PARTNERSHIP—*Dissolution—Settlement—Decree.*

    It is reversible error in such cases to decree a balance in favor of one partner against another, before selling the partnership property and applying the proceeds to the liquidation of partnership debts, including a partnership liability to one of the partners.   (p. 198).

Error to Circuit Court, Monongalia County.

Suit by John G. Lantz against Emmet D. Tumlin and others. Decree for plaintiff, and defendant named brings error.

*Affirmed in part. Reversed in part.*

*Smith & Jackson* and *Moreland, Moreland & Guy,* for plaintiff in error.

*Cox & Baker,* for defendant in error.

MILLER, PRESIDENT:

The bill seeks a winding up and settlement of a mining partnership between Lantz and Tumlin, for the purchase and

74 W. Va.

operation of a certain oil property in Wirt County, consisting of oil leases and other personal property thereon. It is alleged that after entering into the partnership agreement, and in accordance therewith, Lantz concluded the purchase of said property, and as Tumlin preferred not to be known in the purchase Lantz took the deed for the property in his individual name; that of the consideration therefor, five thousand dollars paid and to be paid as recited in the deed, Lantz paid three thousand dollars, by the transfer to Allen, the seller, of certain shares of stock in a publishing company, and for the residue executed to Allen his notes, as set forth in detail in the bill; that Tumlin was thereafter to put in money from time to time as it might be needed in the conduct of the business to make him equal with Lantz in the capital, and that the partners were to share equally in the losses and profits.

Tumlin demurred to the bill, which being overruled, he answered, denying the partnership, averring no contract in writing binding him, and pleading the statute of frauds in defense.

By the two decrees appealed from the court below on pleadings and proofs among other things, adjudged in the first, that a partnership existed between Lantz and Tumlin as alleged, and referred the cause to a commissioner to settle the partnership accounts, and in the second, that the exceptions of Tumlin to the report of the commissioner be overruled and said report confirmed, and that the debts of said firm, as ascertained and reported, be paid as provided, also decreeing balances in favor of Lantz against Tumlin, first the sum of $1,986.03, with interest, on account of advancements and payments already made, and second the sum of $507.32, one half of the outstanding indebtedness of the firm in the event he should pay the whole amount thereof, and also one half of the costs of the suit.

That a partnership was formed and existed between Lantz and Tumlin as alleged, and decreed by the court below, the evidence, which we have carefully examined, leaves no room for doubt. The transactions between the partners after the alleged contract, in relation to the partnership business, the bank account opened by defendant in the partnership name,

checks drawn, debts contracted in the partnership name, the correspondence between the partners, and other evidence, all show the existence of a partnership, and are wholly inconsistent with defendant's theory of a mere advancement of money. to Lantz for the purpose of making tests of the property, and of an option for an interest in the property if on such tests he should elect to take such interest as alleged in his answer.

But does the statute of frauds pleaded constitute a good defense? Our decisions on the particular point and bearing thereon conclusively hold that where persons engage in a joint enterprise for profit, by associating themselves together as partners or otherwise, a relationship of trust and confidence is thereby established, and that as between them in the conduct of the joint or partnership business the statute of frauds. has no application. *Bond* v. *Taylor,* 68 W. Va. 317; *Floyd* v. *Duffy, Id.* 339; *Currence* v. *Ward,* 43 W. Va. 367, and other cases cited therein. In some jurisdictions, which have adopted into their statutes the seventh section of the English statute of frauds, requiring all declarations or creations of trust and confidence in any land, tenements or hereditaments to be proved by some writing, the rule may be different. In this State and Virginia that section of the English statute of frauds never became a law. Our cases cited fully cover the law of this case and must control its decision.

A very learned and commendable brief of counsel for appellant is built on the theory that this is a suit by plaintiff against Tumlin to specifically execute a contract of sale and purchase of land or an interest in land. On that theory, and not involving a case of partnership or joint enterprise like this, most if not all of the positions of counsel would probably be applicable if not conclusive of the controversy. But we do not have that kind of a case and those propositions are inapplicable.

One of the points of error made by counsel, not exactly in harmony with their other theories, and which we think calls for reversal of the decree of May 26, 1911, is that the court gave personal decrees in favor of plaintiff against Tumlin, before having first reduced the partnership assets to money

and applied the same pro tanto to the discharge of the part-nership liabilities, contrary to the rules applicable to part-nership settlements, as lastly laid down in the recent cases of *Bartlett & Stancliff* v. *Boyles,* 66 W. Va. 327, 331; *Steele* v. *Moore,* 71 W. Va. 436, and other cases cited.

It is contended that this was not error because there were no partnership assets. The bill alleges there were, and refers to the lease and other property. It may be true that *pendente lite* this property was disposed of, but this fact nowhere ap-.pears. What does not appear the court can take no notice of for the purposes of decreeing the rights of the. parties.

For the error in the decree of May 26, 1911, that decree and that one only will be reversed, the one of November 1, 1910, affirmed, and the cause remanded for further proceedings.

*Affirmed in part.  Reversed in part.*