# .CHARLESTON.

## JONES V. ROSE.

### Submitted October 16, 1917.   Decided October 23, 1917.

1. APPEAL AND ERROR—*Partnership—Suit Between Partners—Erroneous Decree—Cure.*

   In a suit by one of two partners against the other to recover half the cost of the equipment for the joint enterprise, furnished and installed by plaintiff, under an agreement that defendant should reimburse him to the extent of one-half the cost, it is error to render a personal decree allowing such recovery, before ascertainment of the property and liabilities of the firm and a final settlement of its accounts.   Nor is the error cured by the subsequent appointment in the same decree of a receiver with authority to convert the social assets into money and apply the proceeds to payment of firm obligations, and a reference to a commissioner to ascertain the debts of the partnership and settle its accounts. (p. 178).

2. SAME—*Objections—Reference.*

   Objection, on the ground of prematurity, to a reference of the cause to a commissioner for a settlement of the partnership accounts comes too late when made for the first time in the appellate court, after the parties, without protest, have appeared and introduced their evidence before the commissioner and the lower court has approved his findings, excepted to only on other grounds, by a decree upon the merits.   (p. 178).

Appeal from Circuit Court, Braxton. County.

Suit by E. C. Jones against L. D. Rose.   Decree for plaintiff, and defendant appeals.

*Reversed, and cause remanded.*

*Alex Dulin* and *Haymond & Fox,* for appellant.

*Hall Bros.* and *Hines & Kelly,* for appellee.

LYNCH, PRESIDENT:

This suit was brought by one of two partners primarily to obtain against the other a decree for half the initial cost of the equipment necessary to operate a moving picture show. This equipment plaintiff agreed to furnish and install at his own expense, one half of the total cost of which defendant

agreed to repay either out of his individual funds or out of the profits of the joint enterprise. The decree granted the relief prayed, and defendant has brought the case here for review.

Though conceding that the parties contracted to become associated together upon the conditions stated and to establish and promote the business, defendant denies that plaintiff so far complied with his undertaking as to bring into existence the actual social business relation. But it seems clear they formed and conducted the joint enterprise from July to October, 1914. Jones furnished the machinery, and he and defendant united in its installation, opened the show, participated in the management and promotion thereof, received and applied the proceeds, consulted and advised with each other, and performed or united in the performance of such acts in reference thereto as usually indicate the existence of the social relation between partners.

The defendant assigns as erroneous entry of the order of reference made in the cause on the first day of April, 1915, the ground of objection being that the decree assumed as duly established by proof a fact of vital importance affirmed by the bill and denied by the answer, namely, that the parties had formed a partnership as contemplated by the agreement between them. While not expressly adjudicating that question, the order does so impliedly, without any proof on that issue. It directed an inquiry to ascertain the property, debts and liabilities of the partnership, and the contributions to its capital, and a statement of an account of the receipts and disbursements in the furtherance of the joint enterprise. To the entry of this order, however, and the performance of the work required, defendant did not object or protest. The parties appeared before the commissioner, introduced their proof, and on it he based the findings approved by the subsequent decree. Nor did defendant except to the report made pursuant to the order on the ground of prematurity of the reference. This participation without objection precludes reliance thereon for the first time upon this review. *Dewing* v. *Hutton,* 48 W. Va. 576.

The principal ground of complaint, the one fatal to it as

we think, is that the decree of July 31, 1916, fixed the amount of the recovery awarded against defendant as due his copartner, before a complete and final adjustment of the social accounts and liabilities. Such, indeed, is the prayer of the bill. · It asks for the taking of an account of all the partnership transactions, an ascertainment of the indebtedness of the concern and provision for its payment. The pleading clearly contemplated the necessity for such preliminary investigation before rendition of a decree directing payment of any indebtedness of the firm, or of one partner against the other if the liability arose out of or was immediately connected with the business. The granting of a personal decree in favor of one partner against another, except upon a complete settlement of all matters growing out of the enterprise, can not be justified. *Steele* v. *Moore,* 71 W. Va. 436. The balance found due upon a partial settlement of such transactions can not serve as the foundation of such decree. There can not be a decree in favor of one partner against another before selling the partnership property and applying the proceeds to the liquidation of the social debts, including the liability of each partner to the firm and to his copartners. *Lantz* v. *Tumlin,* 74 W. Va. 196. The usual order for the application of firm assets where, as here, dissolution is sought is, first to the discharge of the debts and liabilities due from the firm to persons who are not partners; second, payment to each partner ratably of what the firm owes him for advances as distinguished from capital; third, to each partner ratably what is due him in respect to capital; the ultimate residue, if any, being divisible among the partners in proportion as the profits are divisible under the partnership contract. *Hyre* v. *Lambert,* 37 W. Va. 26. Debts and liabilities take precedence in the distribution of social assets. The decree here reverses this order, and gives one partner a preference in the application of the firm property. To require defendant to pay as directed may result in serious inconvenience, if not disaster, to him. It would convert a joint into a several liability, or might impose upon him a liability he did not assume under the principles pertaining to ordinary joint transactions. 2 Rowley on Part-

nership §741. The rule and the reasons therefor are stated with precision in 17 Am. & Eng. Enc. Law 1197: ''What each is entitled to charge in account with the others, including whatever each has brought in, whether as capital or advances, and whatever each should have brought in but has not done so, and what each has taken out more than he ought, should then be ascertained, and the profits to be divided or the losses to be made good should be apportioned, ascertaining what each must pay to the others in order to settle all cross claims, the capital being required to be first divided and repaid to the party contributing it before dividing, and in order to ascertain the amount of the profits.'' To warrant a decree in favor of either partner against the other, the social property should first be reduced to money and the proceeds applied to the discharge of partnership liabilities, including any balance found due from one to the other on such settlement, and then a decree over for any balance that may remain. *Bartlett* v. *Boyles,* 66 W. Va. 327. This rule the decree of July 31, 1916, disregarded. There was only a partial, not a complete, settlement of the business dealings of the firm. That did not furnish the basis for a proper decree in favor of a partner. Of this the court seems aware; because, apparently to cure the omission, later in the decree it required its commissioner to make the investigation that should have preceded the adjudication.

It is not a sufficient answer to these authorities to say, as plaintiff contends, that the debt decreed is the individual liability of the defendant. In a sense it may be a debt due from him; but, if it is, it was incurred for the benefit and promotion of the common object. The plaintiff agreed to purchase and install the equipment. It was his conditional contribution to the capital of the concern, as much so as if he had advanced money upon the same condition. Legally, neither partner can enforce a dissolution, or obtain a decree against the other, until after the true status of the accounts, debts and liabilities of the partnership is ascertained. Such a settlement may show that plaintiff has already received an amount in excess of his claim; wherefore, instead of a recovery against his associate, the latter may obtain a

decree against him.   There must be a complete adjudication of all these matters before it is proper to decree the payment of a debt due a partner who seeks a dissolution.

As the decree must be reversed because prematurely rendered, it is unnecessary to pass upon the various exceptions taken by defendant to the findings of the commissioner.   If erroneous, the adverse rulings may be corrected on the ascertainment of the true status of the accounts between the parties and the liabilities of the concern.   However, it may be said with propriety, in this connection, that the appointment of a receiver to convert the assets into money and apply the proceeds as therein directed, and the further reference to a commissioner with authority to settle all accounts, do not cure the improvident or premature entry of the decree fixing liability against the defendant.   In the meantime he would be subject to the peril of a personal adjudication against him, one from the effects of which he might not be able to escape.   Plaintiff might enforce payment, and if he is or should become insolvent defendant would be remediless, however much plaintiff may be indebted to the concern.   The ascertainment of the actual status of partnership accounts is essential to a just decree fixing the liabilities of partners *inter sese.*

Decree reversed and cause remanded.

*Reversed and cause remanded.*