# CHARLESTON.

REBECCA BOGGS *v.* ALICE YATES *et al.*

(No. C. C. 380)

Submitted April 13, 1926. Decided April 20, 1926.

1. TRUSTS—*Statute of Frauds Does Not Apply to Trusts in West Virginia.*

   The statute of frauds has no application to trusts in this State.   (p. 409.)

   (Trusts, 39 Cyc. p. 45.)

2. SAME—*Where Daughter Obtains Deed to Land From Father Without Consideration, on Parol Agreement That, After His Death, She Will Reconvey, Without Any Other Consideration, to His Wife, Trust Enforceable in Equity is Created.*

   Where a daughter obtains a deed for real estate from her father without any consideration, upon a parol agreement made with him that, after his death, she will reconvey, without any other consideration than love and affection, said land to his wife, a trust is created which is enforceable in a court of equity. (p. 409.)

   (Trusts, 39 Cyc. p. 62.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, Roane County.

Suit by Rebecca Boggs against Alice Yates and others to

enforce a trust. After sustaining a demurrer to the bill, the trial court certified questions.

*Ruling reversed.*

*Thos. P. Ryan,* for plaintiff.
*Harper & Baker,* for defendants.

WOODS, JUDGE:

The circuit court of Roane county sustained the demurrer to the bill filed in this cause, and the questions arising on the sufficiency of said bill are now here on certificate.

The bill, in substance, sets up the following: That Cyrus Boggs, up to within a few days prior to his death, was possessed in fee simple of three small lots in the City of Spencer; that he and plaintiff had lived together as husband and wife for thirty-five years; that, at the time of his death, he and plaintiff, both very old people, were living on one of said lots; that he became diseased shortly before his death; that, realizing the end to be near, he decided to convey said lots to plaintiff, whom he recognized as having been a good, dutiful and faithful wife, that she might be protected from want in her declining years; that, realizing that he could not convey the legal title of said lots directly to plaintiff, he and plaintiff, each having great confidence in their daughter, Alice Yates, and believing her to be honorable and faithful to any agreement made by her, called said daughter from her home in another city, to the bedside of said Cyrus Boggs; that said Boggs explained to his said daughter his desire to provide for the plaintiff, as aforesaid; that he could not convey legal title direct to plaintiff, but, if said daughter would promise to reconvey said property to plaintiff, without any consideration other than love and affection, that he would convey the property to her; that said daughter so agreed, and a deed was made to her, dated October 22, 1923, purporting a consideration, although no actual consideration ever passed; that shortly thereafter, to-wit, November, 1923, the said Boggs died; that the said daughter, with her husband, immediately moved into the property theretofore occupied by said Boggs and the plaintiff, and ousted her aged mother (plaintiff), and caused

her to seek shelter elsewhere; that said daughter and her husband (both being made parties defendant to the bill) have refused to reconvey the property to said plaintiff as per the oral agreement of said daughter to do so. The prayer then follows, that the defendants be required to reconvey by an apt and proper deed the title of said lots to the plaintiff.

The defendants contend that the alleged oral trust set up in the bill cannot be enforced because it is violative of (1) the statute of frauds, and (2) the rule against the admission of parol evidence to contradict, vary or add to, written contracts.

At common law no particular form of creation or declaration of a trust or use was required. It could be by deed, or will, or writing not under seal, or mere word of mouth. Use and trust were simply averred and proved like any other facts, and writing was not required. *Currence* v. *Ward*, 43 W. Va. 367; 28 Am. & Eng. Enc. L., 869; Saunders on Uses & Trusts, § 152; Perry on Trusts, § 75. In 1676, the English statute of frauds known as § 7 of the Statute of Elisabeth, was passed. This section required all declarations or creations of trust or confidences in any land to be proved in some writing signed by the party. Not being made expressly applicable to the colonies, this statute was never in effect in Virginia. In 1787, Virginia enacted a statute of frauds, the same, in many respects, as that of England, but omitted this section relating to declarations of trust. Nor has it been incorporated in the statutes of this State. Hence, trusts in land may be declared in this State as at common law. *Floyd* v. *Duffy*, 68 W. Va. 339. So, oral trusts, though not created or manifested in writing, are enforceable in equity in this jurisdiction. *Hudkins* v. *Crim*, 64 W. Va. 225; *Swick* v. *Rease*, 62 W. Va. 557; *Lantz* v. *Tumlin*, 74 W. Va. 196; *Potts* v. *Fitch*, 47 W. Va. 63.

As to the second ground of demurrer, it is a general rule of evidence that parol testimony cannot be admitted to vary or add to a written contract, and especially a contract or deed conveying lands. There are some cases which are sometimes called exceptions to this general rule, but which are really not exceptions; they being cases to which the rule is not prop-

erly applicable. Thus, a deed absolute on its face may be shown by parol evidence to have been given as security for a loan. The real office of the parol evidence in such a case is not to vary the contract in writing, but to establish the existence of a collateral fact which when established controls the deed. So as here, if a party obtained a deed without any consideration, upon a parol assurance by the grantee that she would make a particular disposition of it, a court of equity will enforce the specific performance of such an agreement, even though the deed recites that it was made for a valuable consideration, if in point of fact no consideration was really paid by the grantee. *Onson* v. *Cown,* 22 Wis. 329; *Miller* v. *Pearce,* 6 Watts & S. (Pa.) 97; *Hoge* v. *Hoge,* 1 Watts (Pa.) 163; *Thompson et ux.* v. *White,* 1 Dall. (Pa.) 447; *Kennedy's Heirs* v. *Kennedy's Heirs,* 2 Ala. 571. In such case the deed is not added to or altered by the parol evidence; but this evidence fastens on the individual who got the title without consideration the personal obligation of fulfilling her agreement whereby she procured the title, as without its enforcement by a court of equity the grantee would be allowed to avail herself of a fraud in so obtaining the deed. The case of *Troll* v. *Carter,* 15 W. Va. 567, supported by some later cases of this Court, is relied on by counsel for defendants. In each of these cases a parol agreement was sought to be established to support a trust in favor of the grantor. In the principal case, however, it is held that: "If a party obtains a deed without any consideration upon a parol agreement that he will hold the land in trust for third parties, such a trust so proven will be enforced in a court of equity, as to permit a party to hold the land so obtained for his own use would be to permit the grantee to commit a fraud." This is in effect the case here. While the wife joined in the deed, she was merely a nominal party, having no present interest in the real estate. The contract here sought to be enforced was between the father, the owner of the realty, and the daughter, the grantee; the mother being no party to the agreement. Hence the cases cited are without application. The case under consideration is like that of *Hardman* v. *Orr,* 5 W. Va. 71, where the father of a natural daughter purchased land and had it conveyed to a

natural son, with the agreement on his part that at a future time it would be conveyed to the natural daughter of the purchaser. It was held there that such trust could be proven by parol and would be enforced against the grantee, because to permit him to retain the land, when he had paid nothing for it and had obtained a deed by a promise to convey the land to another, would be to permit him to avail himself of his fraud. In such a case his conscience is affected; and a court of equity properly regards him as a trustee.

The ruling of the circuit court is therefore reversed and the demurrer to the bill overruled.

*Ruling reversed.*