NANCY C. HALL *v.* BEATRICE BURNS

(No. 7411)

Submitted January 24, 1933.   Decided March 21, 1933.

(Rehearing denied June 9, 1933)

*S. P. Bell* and *Thos. P. Ryan,* for appellant.
*Lilly & Lilly,* for appellee.

KENNA, JUDGE:

The plaintiff and defendant are mother and daughter. The plaintiff conveyed a tract of real estate to defendant on October 20, 1930, and now seeks a reconveyance on the ground that the deed was fraudulently obtained. The circuit court found for the defendant, and an appeal was granted the plaintiff.

The plaintiff was about sixty-two years old when the deed was made. She testified that she was afflicted with occasional spells lasting some two or three weeks when she was not right mentally, and that during one of those periods the defendant, aged twenty-two years, told her that it was talked all around that Jack Justice (a brother of plaintiff) was going to get plaintiff's property; that he would get it too; and if plaintiff would deed it to her, she would reconvey it any time plaintiff wished. Plaintiff said that she made the deed in reliance on defendant's statements. Another daughter who was present

corroborated the plaintiff's testimony. Jack Justice testified that he had no claim against plaintiff and had said nothing about getting her land. He and several other witnesses corroborated plaintiff as to her spells of aberration.

The defendant denied imposing Jack Justice on her mother as a "bogey-man", but says that the deed in question was executed voluntarily by her mother to avoid having it dissipated by a son and also in compliance with the wish of defendant's father (deceased) who wanted her to have it. The lawyer who drew the deed, the clerk who recorded it and a bookkeeper in a local bank who knew plaintiff and who saw and talked with her the day the deed was executed, noticed nothing wrong with her mind. The circuit court wrote as follows on this subject:

"There is some evidence in the record that the plaintiff is not mentally sound but it is not of that clear and convincing nature which would lead one to believe that she was not capable of transacting such business as writing deeds at the time this deed was executed by her. This evidence lacks the strength and probative force necessary to carry conviction that she was not competent to execute the deed in question. * * * The evidence of J. M. Harper, the attorney who prepared the deed, R. L. McCulty, County Clerk and H. B. Stalnaker, bookkeeper of the Roane County Bank, all men of experience and integrity, whose statements carry much weight with this court, is to the effect that Nancy Hall, the plaintiff in this suit, was thoroughly competent to execute a deed on the day the deed in question was executed and taken to the office of the County Clerk for recordation. The evidence of Mr. Harper is particularly pertinent since he possessed intimate knowledge of the details surrounding the execution of the deed. In fact he says that Mrs. Hall gave him specific directions as to the manner in which the deed was written. In fact he recalls that Mrs. Hall told him that her boys were creating numerous debts and that she feared she would lose her property if she didn't convey it away. * * * After reading the evidence for the defendant it is apparent there is no merit in the contention that the plaintiff was not of sufficient mentality to execute a valid deed."

We cannot say that the conclusion of the circuit court is wrong and citation of authority is not necessary to show that the conclusion should not be disturbed.

The brief for plaintiff assumes it to be proved that plaintiff is below average in intelligence and cites decisions which would apply in such case; but there is no proof supporting the assumption.

The brief also assumes that fraud of the grantee is proved. Whether there was fraud depends on conflicting evidence and the finding of the circuit court is against fraud. It was well settled in our decisions that in the absence of fraud, a voluntary grantor of land without consideration could not set up a parol trust in the land in his favor. *Troll* v. *Carter,* 15 W. Va. 567; *Poling* v. *Williams,* 55 W. Va. 69, 46 S. E. 704. This rule was changed by Code 1931, 36-1-4. Despite the fact that the deed in question was made in 1930, the brief contends that the rule was a mere rule of evidence and subject to change by the legislature and that the innovation appearing in the Code of 1931 should be applied in all cases heard after that code became effective, citing *State* v. *King,* 64 W. Va. 546, 63 S. E. 468, and Code 63-1-2. We are aware that the rule was referred to as one of evidence in *Ratcliffe* v. *Allison* (1825), 3 Rand. 537, 539-540; in *McClanachan* v. *Siter & Co.* (1845), 2 Gratt. 280, 308; and in *Leckie* v. *Bray* (1922), 91 W. Va. 456, 461, 113 S. E. 746. The rule may have been so considered at the time of the Ratcliffe decision. The recital in the *McClanachan* case that the rule was one of evidence cannot be taken seriously as the court therein terms the rule in its relation to real estate *"a canon of property"*. The reference in the *Leckie* case is clearly inadvertent. Without exception, the leading authorities on the law of evidence now treat the so-called "parol evidence rule" as a rule of substantial law, and not of evidence. Jones flatly declares: "This is not a mere rule of evidence. It is a rule of substantive law." See his Commentaries on Ev. (2d Ed.), sec. 1842. Accord: Greenleaf (16th Ed.), sec. 305a; Wigmore (2d Ed.), sec. 2400; 9 Ency. of Ev., p. 326; 21 A. & E. Ency. Law, p. 1079; 22 C. J., p. 1075 (sec. 1380). As a rule of substantive law, as "a canon of property", it fixed unalterably the status of the parties to the deed in 1930, as of that date, and that status was not

affected by the remedial legislation of 1931. "Vested rights must not be disturbed." Cooley's Const. Lim. (8th Ed.), 745. Accord: *Johnson* v. *Sanger*, 49 W. Va. 405, 38 S. E. 645; 12 C. J. on Constitutional Law, sec. 486; 6 R. C. L., "Constitutional Law", sec. 293.

Plaintiff's brief contains much animadversion, vituperation and "how sharper than a serpent's tooth it is to have a thankless child." Nevertheless, we cannot change law so firmly established as that which denies the plaintiff's demand.

*Affirmed.*