W. C. BOBBITT, *et al.*

*v.*

L. O. BOBBITT, *et al.*

(CC 721)

Submitted April 15, 1947. Decided May 13, 1947.

*Wysong & Wysong,* for plaintiffs.

*A. N. Breckinridge* and *Ben P. Brown, Jr.,* for defendants.

LOVINS, JUDGE:

The Circuit Court of Nicholas County, having sustained a demurrer to plaintiffs' bill of complaint, on its own motion certified the ruling to this Court.

This suit was instituted by W. C. Bobbitt, Mrs. W. D. Rollyson, Mrs. William Rogers, E. F. Bobbitt, Mrs. Glen Fortney, Mrs. Harold G. Smith, children, heirs at law and distributees of A. W. Bobbitt, and W. C. Bobbitt, administrator of the estate of A. W. Bobbitt, who died intestate in April, 1943, plaintiffs, against L. O. Bobbitt and L. H. Bobbitt, defendants. L. H. Bobbitt is a brother of A. W. Bobbitt, and L. O. Bobbitt is a relative but the degree of relationship is not alleged.

On account of advanced age· and disability, A. W. Bobbitt, who spent a portion of his time at the home of L. H.

Bobbitt, could not attend to his business affairs, and, being indebted, conceived the idea of conveying certain portions of his real estate to defendants in trust for purposes to be hereinafter stated. Pursuant to that plan, he conveyed to defendants five tracts of land, aggregating two hundred, eighty-one acres, more or less, and an undivided one-half interest in another tract of land of seventy-three acres, more or less, situate in Nicholas County, West Virginia. Certain reservations relative to coal, oil and gas were made by the grantor, but for the purposes of this opinion it is unnecessary to state the same in detail.

The above conveyance was dated, acknowledged and recorded on September 6, 1928, and recites a cash consideration of two thousand dollars, "and for other valuable and valid considerations to be hereafter paid to the said party of the first part". But plaintiffs allege that no cash consideration was, in fact, paid by defendants, and that the true consideration was an oral agreement by the terms of which L. H. Bobbitt and L. O. Bobbitt were to take and hold the legal title to the lands conveyed to them by A. W. Bobbitt in trust for A. W. Bobbitt; to make profitable sales of the land and pay the income from said sales to A. W. Bobbitt, as he needed or might demand the same; to pay the debts of A. W. Bobbitt; and to hold any unsold land in trust for the heirs of A. W. Bobbitt or for the benefit of his estate.

The deed of conveyance is absolute on its face, and there is no indication in the deed that the lands conveyed thereby were impressed with a trust, unless the "other valuable and valid considerations" be considered as indicative thereof. Plaintiffs allege that the agreement created an oral trust, was fully understood and agreed to by defendants, and that such trust was the only consideration for the conveyance made by A. W. Bobbitt.

Defendants have made sales of timber standing on the land conveyed to them by A. W. Bobbitt, and have granted certain easements, rights and privileges located on and affecting said land, and have sold and conveyed various

portions of such land, receiving as consideration for said sales and the grants of easements, rights and privileges above mentioned the aggregate sum of approximately $9,670.00. The allegations of the bill of complaint with reference to the consideration for a conveyance made by defendants to the Holcombs are somewhat obscure, but it is fairly clear that the consideration of four thousand dollars for that conveyance is correct, and such amount is incorporated in the foregoing aggregate sum.

Defendants, under the provisions of a grant or conveyance to Ralph H. Ely Lumber Company, were to receive as part of the consideration for said grant all ashes deposited on the land by the said company, manure from a barn operated by the lumber company, a mill-shed, as well as all other buildings, structures, dwelling houses, barns and shops erected on said land by said company, which were to be left on the land and become the property of defendants.

A. W. Bobbitt joined with defendants and their wives in making the first conveyance under date of September 1, 1929, but thereafter he did not join in any conveyance affecting the land he had conveyed to defendants.

Defendants now hold approximately thirty-five acres of land conveyed to them by A. W. Bobbitt, on which three tenant houses are located, and the rents therefrom are paid to defendants.

It is alleged that defendants have partially carried out the purposes of the trust and acted under the agreement made by them with A. W. Bobbitt "in that they have paid to plaintiffs, as realized from sales subsequently made of said lands and as hereinafter set forth, several payments of $100.00 each, * * *". Plaintiffs aver that defendants have acknowledged the existence of a trust by the payments made by them, and that they are now estopped to deny that a trust was, in fact, created, as alleged in their bill.

Plaintiffs allege that the deed of conveyance made by

A. W. Bobbitt was, in fact, a mortgage; that the land was held in trust by the defendants for the use and benefit of A. W. Bobbitt and his estate, as hereinabove stated; and that they are now entitled to an accounting for all the moneys paid to defendants as the purchase price of the lands and easements sold by them, for the value of the ashes and manure on the land; for the value of the buildings, structures, dwelling houses, barns, shops and mill-shed erected on said land by the Ralph H. Ely Lumber Company; for all rents, issues, profits and royalties derived from said land while held by defendants, with interest on any sums owed to them by defendants. Plaintiffs further assert that they are entitled to a conveyance of the thirty-five-acre residue now held by defendants in trust.

W. C. Bobbitt, administrator, alleges that he cannot properly administer the estate of his deceased father until there is an accounting by defendants of their trusteeship.

The sufficiency of the bill is challenged and numerous reasons in support of the joint and separate demurrer thereto are assigned, but the trial chancellor certified certain controlling questions only, which may be stated as follows: Are the facts alleged in the bill of complaint sufficient: (a) to justify a decree holding that the deed from A. W. Bobbitt to defendants was a mortgage; (b) to support a decree declaring the land conveyed by A. W. Bobbitt to defendants to be impressed with a trust in favor of the grantor; (c) to permit the introduction of parol or other evidence establishing a trust as to said lands in favor of the heirs at law, distributees and the administrator of A. W. Bobbitt; and (d) to establish estoppel so that defendants by reason of their partial performance may not deny the existence of the trust?

It is a rule of general application that courts of equity will go far in allowing a deed, absolute on its face, conveying land, to be established as a mortgage; but this rule has its limitations, one of which is that there must be a debt owed by the grantor to the grantee which is not satisfied

or extinguished by the conveyance. *Ross* v. *Midelburg,* 129 W. Va. 851, 42 S. E. 2d 185, decided by this Court on April 1, 1947; *Gibson* v. *Hopkins,* 80 W. Va. 756, 93 S. E. 826; *Hursey* v. *Hursey,* 56 W. Va. 148, 49 S. E. 367. Other circumstances and facts which must be proved to establish such a mortgage were discussed in detail by this Court in *Vangilder* v. *Hoffman, et al.,* 22 W. Va. 1, and *Gilchrist* v. *Beswick,* 33 W. Va. 168, 10 S. E. 371. Although in the *Vangilder* and *Gilchrist* cases the Court had under consideration the question of proof, allegations and proof are so interrelated that the opinions in those cases are at least instructive as to what facts must be alleged in a bill of complaint to establish a mortgage, as is attempted in the instant case.

The bill of complaint in this case fails to disclose that A. W. Bobbitt owed L. H. Bobbitt and L. O. Bobbitt any debt; nor are any facts alleged therein from which the relationship of debtor and creditor may be inferred. None of the facts alluded to in the *Vangilder* and *Gilchrist* cases are alleged in the bill of complaint herein. We therefore conclude that the allegations of the bill of complaint herein are insufficient to warrant a holding that the deed of conveyance from A. W. Bobbitt to defendants was, in fact, a mortgage.

Since the adoption of the Code of 1931, a grantor making a conveyance of land, which is not fraudulent, may enforce a trust for his benefit with respect to said land, though the trust is not disclosed on the face of the conveyance, nor evidenced by any writing. Code, 36-1-4. *Winfree* v. *Dearth,* 118 W. Va. 71, 188 S. E. 880. But this deed was executed on September 6, 1928, and Code, 36-1-4, is inapplicable. *Hall* v. *Burns,* 113 W. Va. 820, 169 S. E. 522. This leads to an inquiry into the law with reference to parol trusts in circumstances similar to those here alleged, prior to the enactment of Code, 36-1-4.

The leading case on this subject in West Virginia is *Troll, et al.* v. *Carter, et al.,* 15 W. Va. 567, point 3 of the syllabus of which states: "If a party obtains a deed without

any consideration upon a parol agreement that he will hold the land in trust for the grantor, such trust will not be enforced, as it would violate the statute of frauds and this general rule, to permit parol evidence to establish such a trust." This doctrine has been adhered to by this Court until the enactment of Code, 36-1-4. See *Pusey* v. *Gardner,* 21 W. Va. 469; *Poling* v. *Williams,* 55 W. Va. 69, 46 S. E. 704; *Richardson* v. *McConaughey,* 55 W. Va. 546, 47 S. E. 287; *Way* v. *Mayhugh,* 57 W. Va. 175, 50 S. E. 724; *Crawford* v. *Workman,* 64 W. Va. 19, 61 S. E. 322; *Hawkinberry* v. *Metz and Metz,* 91 W. Va. 637, 114 S. E. 240; and *Anderson* v. *Hyman,* 113 W. Va. 760, 169 S. E. 741.

It is interesting to note that in several instances this Court has propounded queries as to whether the seventh section of the English Statute of Frauds was in force in this State prior to the enactment of Code, 36-1-4. See *Troll, et al.* v. *Carter, et al., supra; McCandless* v. *Warner,* 26 W. Va. 754. This query is answered in *Boggs* v. *Yates,* 101 W. Va. 407, 132 S. E. 876, wherein it was held that that section of the English Statute of Frauds was never in force in this State. But notwithstanding the omission of that section from the statute laws of this State, this Court has continued to apply the doctrine announced in point 3 of the syllabus of *Troll, et al.* v. *Carter,* et al., *supra.* In this connection see 31 W. Va. Law Quarterly 166. Therefore, we are of opinion that that rule in all of its force applies to the grantor, A. W. Bobbitt, and that no trust can be established for his benefit affecting the lands conveyed by him to defendants. The unambiguous statements of the deed, through their natural force and effect, pass title from him to the defendants for a consideration of two thousand dollars and "other valuable and valid considerations" to be thereafter paid to him. No mention of a trust is made, nor interest in the land retained by him. Nor do we consider the omission of covenants of general warranty of title in the deed as implying or giving rise to an inference that the land was to be held in trust for his benefit.

We have noted with some interest that this Court in the case of *McCandless* v. *Warner, supra,* allowed the

grantor in a deed of trust to set up and establish a trust in lands sold under a deed of trust and purchased by the defendant therein as trustee for the original grantor. We have also noted the case of *Barbee* v. *Lynch*, 82 W. Va. 384, 96 S. E. 593, wherein a son was held to be trustee for his sisters by reason of an oral agreement under which he purchased certain lands formerly owned by his father, which were encumbered by liens and sold in satisfaction thereof, as well as another tract of land which was purchased with funds derived from his father's effects. However, the facts of the *McCandless* and *Barbee* cases are hardly analogous to this case. In the *McCandless* case the defendant grantee derived his title through a trustee who sold the properties conveyed under authority of a deed of trust securing indebtednesses; and in the *Barbee* case the defendant grantee derived his title to one tract in the same manner. It is further noted that in the *McCandless* case the Court held that certain writings therein considered constituted a written, rather than an oral, declaration of trust.

But a different rule is applicable to the enforcement of parol trusts made for the benefit of third parties. Point 4 of the syllabus of *Troll, et al.* v. *Carter, et al., supra,* states: "But if a party obtains a deed without any consideration upon a parol agreement that he will hold the land in trust for third parties, such a trust so proven will be enforced in a court of equity, as to permit a party to hold the land so obtained for his own use would be to permit the grantee to commit a fraud." This doctrine has always been closely adhered to by this Court. See *Criss* v. *Criss*, 65 W. Va. 683, 64 S. E. 905; *Ludwick* v. *Johnson,* 67 W. Va. 499, 68 S. E. 117; and *Boggs* v. *Yates, supra.* Also see *Dye* v. *Dye,* 128 W. Va. 754, 39 S. E. 2d 98, for a discussion of cases involving this principle.

Applying these principles to the case at bar, we are of the opinion that the plaintiffs herein, in their individual capacities, can enforce in equity a parol trust as third party beneficiaries to a trust agreement made between A.

W. Bobbitt and defendants. If plaintiffs can allege and show some rights independent of the statutes of descent and distribution, we would have no hesitancy in saying that, as a matter of law, a parol trust could be engrafted on the land conveyed by their father to defendants.

On the other hand, however, A. W. Bobbitt in his own right could not have so enforced such a trust; nor could he transmit a non existent right to plaintiffs by the laws of descent and distribution and the statutes governing the administration of estates. *Crawford* v. *Workman,* 64 W. Va. 19, 21, 61 S. E. 322.

Although it is true that there is some implication in the bill of complaint that plaintiffs claim in their own right, such allegation, when considered with the entire context of the bill of complaint, shows clearly that plaintiffs are relying solely upon the rights which descended and passed to them from their father and the right of the administrator standing in the stead of his decedent. Therefore, the allegations of the bill in its present form are not sufficient.

The deed of conveyance from A. W. Bobbitt shows a money consideration and other considerations as hereinbefore stated. Parol evidence is permissible to show the true consideration in the deed, not for the purpose of invalidating the deed of conveyance, but for the purpose of showing the actual consideration given by defendants. *Hunt* v. *Hunt, Trustee,* 91 W. Va. 685, 114 S. E. 283. Since plaintiffs do not attempt to invalidate the conveyance from A. W. Bobbitt to defendants, but merely attempt to assert the right to an accounting for the money and property derived by defendants as a result of the conveyance, we hold that the true consideration for said deed can be shown.

The allegations of the bill with reference to the payments made by defendants to plaintiffs are somewhat indefinite. The number and dates of the payments made are not alleged. If these payments were accompanied by any writings similar to those referred to in *McCandless* v.

*Warner, supra,* they may be sufficient to establish a written trust so as to come within the doctrine of the *McCandless* case. But the allegations here stand unexplained, and, in the present state of the record, are insufficient to give rise to the doctrine of estoppel or to call for the application of the doctrine announced in the *McCandless* case. Moreover, the allegations are not sufficient to establish a parol trust and create a substantive right which otherwise does not exist, though such payments may have a probative value on a hearing of the cause.

In accordance with the foregoing, the ruling of the Circuit Court of Nicholas County is affirmed, with the right granted to plaintiffs to amend their bill of complaint, if so advised.

*Affirmed.*

Fox, President, dissenting:

I think it clear that as the statute law now is, Code, 36-1-4, the bill of the plaintiffs alleges good grounds for relief in equity; but the deed out of which a trust in favor of the grantor therein is alleged to have arisen was executed and delivered on September 6, 1928, more than two years prior to the effective date of our present Code, which, for the first time contained all the provisions of Code, 36-1-4. We must, therefore, look to the law as it existed at the date of the deed aforesaid, and when this is done, I am inclined to the view that a grantor in a deed could not, at that time, create a direct trust in his favor through a verbal agreement with his grantee, but could, in that manner, create such a trust in favor of a third party. The cases cited in the majority opinion, I think, sustain that position, and, although the question is not free from doubt, I do not dissent from the holding of the majority on that point.

The point of my dissent is this: The bill alleges that the grantees in the deed of September 6, 1928, and since the death of the grantor in said deed, have recognized, and, in legal effect, admitted the alleged trust, by paying

to the heirs of said grantor certain moneys derived from the sale of lands, which, in part, constituted the substance of the trust alleged in the bill; and also that the proceeds of other sales of the alleged trust property, amounting in the aggregate to a substantial sum of money, were, in the lifetime of the grantor in said deed, used in paying his debts, and providing for him means of support in his declining years. In my opinion, until there has been a full development of the merits of the cause, by the taking of proof, which should involve a complete discovery of how, and in what circumstances, these funds were distributed, the question of whether there had been created and recognized a trust relation binding on the grantees in the deed aforesaid, should not be finally determined. The fact, if it be a fact, that a trust, such as is here sought to be enforced, cannot be created by a verbal agreement, contradictory of the deed, does not necessarily require that such a trust can only be created by a writing. In my opinion, where the trust is directly or impliedly admitted, the necessity for a writing does not exist. For this reason I think the allegation as to distribution is important, and makes the bill sufficient on demurrer. Perhaps the bill should be amended so as to provide a more solid basis for the inquiry suggested, but as it stands, it is, in my opinion, sufficient to warrant such inquiry. On this ground alone, I would reverse the rulings of the Circuit Court sustaining defendants' demurrer to plaintiffs' bill, and remand the cause for further proceedings.